ALBANY,<br>Oct. 1834.<br><br>Faulkner<br>v.<br>Brown.

---

## FAULKNER *vs.* BROWN.

A general *bailee*, without hire, may maintain *trover* for property taken from his possession against all persons but the rightful owner. *It seems*, however, that a *mere servant* could not maintain the action.

ERROR from the Schenectady common pleas. Faulkner had in his possession a quantity of leather, belonging to one Van Slyck, who had left the same with him, and requested him to take care of it. It was stolen from the possession of Faulkner, and sold by the the thief to Brown. Faulkner demanded the leather of Brown, and on his refusal to deliver it up, brought an action of *trover* against him in a justice's court. The justice being of opinion that Faulkner was not entitled to maintain an action for the leather in his own name, rendered judgment against him for costs. The common pleas of Schenectady affirmed the judgment on *certiorari*, and the plaintiff sued out a writ of error.

*S. A. Daggett*, for plaintiff in error.

*A. L. Linn*, for defendant in error.

*By the Court*, SAVAGE, Ch. J. Both courts were clearly wrong. To maintain *trover*, the plaintiff must have the *general* or *special* property. The plaintiff here had a special pro-

perty in the leather ;  Van Slyck had the general property. The action may, in most cases, he brought either by the general or special owner of the goods for a conversion by a stranger, and judgment obtained by one is a good bar to the action of the other.  2 *Saund.* 47, *e.*  Possession under the rightful owner is sufficient against a person having no color of right.  An agister, a carrier, a factor, may bring trover ; even a general bailment will suffice without being made for any special purpose, but only for the benefit of the rightful owner. Here is a general bailment.  It would be monstrously inconvenient if a wrongdoer could come and take things out of the possession of him who had the possession under the rightful owner. *Sutton* v. *Buck*, 2 *Taunt.* 309, *per Chambre, justice.*  Though a mere servant has not such a special property as will enable him to maintain trover, yet a bailee, or trustee, or any other person who is responsible to his principal, may maintain the action, and the lawful possession of the goods is *prima facie* evidence of property. 11 *Johns. R.* 143, *n.* 2 *Saund.* 47.  1 *East*, 244.  4 *id.* 214.  1 *Salk.* 290.  *Cro. Eliz.* 819.  12 *Johns. R.* 407, *per Spencer, J.*  The defendant may, undoubtedly, show a paramount title in a third person, 11 *Johns. R.* 529, but in this case the plaintiff is the bailee of the general owner.  Numerous other cases might be cited, but they are unnecessary.

Judgment reversed.