By the Court, Ingraham, P. J.
The main question in this case was decided against the defendants in 36 N. Y. 661. Although they were not parties to that action, still the decision in that case would undoubtedly control the court in the present action. The only questions, therefore, which it is necessary for us to examine are those raised upon the trial as to the admission of evidence, and as to the title to the property.
The action was to recover the value of an elevator, destoyed in a riot. One witness—Phillips—testified that he had seen the elevator, and the machinery, most of it, except the engine and boiler. He was allowed to testify as to the value from his knowledgé of the machinery and from the description of the engine and boilers, as given by another witness. To this the defendants objected.
It ismot necessary that a witness in speaking of value, should only speak from actual observation. Many cases may occur where, from the destruction of personal property, no witness can be produced who has had an opportunity to examine and be conversant with the *103 value. In such a case, the rule which allows the next best evidence to be produced, applies; and the value may be ascertained from persons conversant with such machinery, after they are made acquainted with its condition by the testimony of others. (36 Barb. 644.)
In this case, also, the witness was acquainted with everything about the elevator, except the engine and boiler; and there was no good reason why he should not testify as to value.
But even if the objection was a valid one, it would not be material, in this case. The witness testified to a sum less than was stated by other witnesses, and his estimate was not adopted by the jury. It is evident that the verdict was not based on Ms testimony.
The other objection was that the plaintiff was not the owner of the elevator, but a mere mortgagee, and could therefore only recover the amount due him. From the evidence, it appears that the title was in the plaintiff; that he and the firm to which he belonged had advanced the whole purchase money under an agreement to convey to Barber, on his paying the money advanced. The plaintiff had the title, and the right to the possession. TMs gave Mm a sufficient interest to enable him to recover for its value. If Barber had never availed himself of Ms right to purchase, the property would have remained the property of the plaintiff. The rule as to title to personal property differs from that as to real estate. In the former, title and possession, or right of possession, is all that is required to enable the holder to claim the property, or its value.
There might have been a more serious question if the objection had been that the other members of the firm should have been made plaintiffs; but that objection was not taken, either in the answer or on the trial.
We see no error as to the rule of damages. The old rule, which excluded interest in such cases, has been so *104 far modified as to allow the jury to give interest if they think justice requires it. This was all that was done in this case.
[First Department, General Term, at New York,
November 4, 1872.
Ingraham and Leonard, Justices.]
Judgment affirmed.