### EASTERLY v. NATIONAL EXCHANGE BANK OF AUBURN.

*Action — trover — Promissory note — rights of indorser as to collateral in possession of holder.*

E., the third indorser of a promissory note, was sued by the bank which discounted it, and during the trial E. notified the bank to retain, for his protection, a collateral security which B., the second indorser, had given the bank. Judgment was recovered against E., and execution was returned satisfied; but before the return the bank had assigned the judgment to J. S., together with the note and collateral. *Held,* that E. could not maintain trover against the bank for the note and collateral. The remedy of E. was in equity where the assignee and other indorsers could be heard.

EXCEPTIONS ordered to be heard in the first instance, at general term. The action was brought by John M. Easterly against The National Exchange Bank of Auburn, to recover possession of a promissory note for $5,000, made by the Stevenson Manufacturing Company, and discounted by defendant; also a note called a "collateral," for the same amount, made by J. Barber & Sons. The note made by the manufacturing company was indorsed by E. G. Knight, William C. Barber, plaintiff, and one MacDougall. This not being paid at maturity, the bank brought suit against Easterly, the third indorser. On the trial of that suit the attorneys of Easterly served upon the president of the bank a notice to hold on to any collaterals which they had, for Easterly's protection. The bank then held the note of J. Barber & Sons, given as collateral by William C. Barber, for the security of the bank. Judgment was

obtained by the bank in the above-mentioned suit, and execution was returned satisfied. But before the execution was satisfied the bank had sold and assigned the judgment to George E. Barber, and had delivered to him the original note and the collateral. This action was subsequently commenced; and at the trial the plaintiff claimed to be entitled to a verdict in the alternative for the return of the notes, or for the value in case a return could not be had. But the jury, under the direction of the court, rendered a verdict for the defendant. The plaintiff excepted, and the case was sent to this court.

*Cox & Avery*, for plaintiff, cited *Havens* v. *Huntington*, 1 Cow. 387; *Cahoon* v. *Bank of Utica*, 7 N. Y. 486, 489; *Cuyler* v. *Ensworth*, 6 Paige, 32; *Alden* v. *Clark*, 11 How. 210 ; *Decker* v. *Mathews*, 12 N. Y. 313; *Wood* v. *Wood*, 26 Barb. 359; *Byxbie* v. *Wood*, 24 N. Y. 607.

*Francis Kernan*, for defendants.

GILBERT, J. A legal title or right to the possession is indispensable to the maintenance of an action to recover the possession of personal property. *Fulton* v. *Fulton*, 48 Barb. 589; *Faulkner* v. *Brown*, 13 Wend. 63; Code, § 207. Conceding that the plaintiff, upon his paying the debt for which he was liable as surety, was entitled to the securities held by the creditor, yet such payment did not *ipso facto* operate as an assignment or transfer of the legal title to them. Its effect was only to give the plaintiff a right, in equity, to require an assignment of them. 1 Lead. Cas. in Eq. (3d Am. ed.) 145.

That right could be ascertained only in a suit in which the creditor and the co-sureties were parties. The case shows that the defendant had recovered a judgment against the plaintiff, upon his indebtedness as such surety, April 13, 1870; that said judgment was satisfied by him June 23, 1870. Meantime, the creditor had assigned the judgment and the securities in question to a stranger, who purchased the same at the instance and for the benefit of another surety. The latter was liable before the plaintiff, but, at the time the liability of the plaintiff was discharged, the judgment and the securities were held under that assignment.

These facts form an insuperable bar to a recovery in this action, because, first, the plaintiff has no cause of action at law; and, sec-

ond, a court of equity cannot determine the case without the presence of the assignee and the other sureties, as parties, or without having before them appropriate averments in the complaint.

The court below properly directed a verdict for the defendant, and judgment should be entered in accordance therewith, with costs.

*Judgment accordingly.*