DUNCAN D. McCOLL, APPELLANT, *v.* JAMES FRASER, AS ASSIGNEE, RESPONDENT.

*Equitable lien on funds misappropriated by an agent — an action to enforce the lien must be brought by the principal or an agent as trustee for him.*

This action was brought by the plaintiff to charge the funds and property, which had passed into the hands of the defendant as the general assignee of the plaintiff, with an equitable lien in favor of parties for whom the plaintiff had, as agent, collected moneys which he had misappropriated and used in his own business. None of the moneys so received by the plaintiff were in his hands at the time of the assignment, and it was not clearly shown that any item of the property transferred to the assignee had been purchased with these moneys.

*Held,* that the plaintiff could not, in his individual capacity, maintain the action.

*It seems,* that the action might have been maintained by the plaintiff, as trustee for the persons for whom he acted as agent, or by such persons themselves. (BARKER, J.)

APPEAL from a judgment, entered upon the decision of the Monroe Special Term, dismissing the plaintiff's complaint. The plaintiff being insolvent, on the 27th day of March, 1884, made a general

assignment, for the benefit of all his creditors, to the defendant, who received the assigned property into his possession, and proceeded to administer the same according to the terms of the trust. The plaintiff, with Hugh D. McColl and five others, as the heirs-at-law of Mary Hall, deceased, were tenants in common of a farm consisting of about eighty-six acres, of which he, as attorney in fact for the other owners, received the rents and profits for a period and then sold the said farm; prior to the making of the said assignment having received in his hands as such agent, between December 11, 1883, and March 14, 1884, the aggregate sum of $1,485. The plaintiff was a dealer in farm products, buying and selling the same on the market. The trial court found as a fact that before making the assignment the plaintiff had used and expended, in and about his business and in the payment of certain debts owing by him individually, and in purchases of certain personal property, the whole of the said sum of money, and that no part thereof remained in his hands unexpended on the day of making the assignment. That the said sum of money was received by the plaintiff in his own behalf and as the agent and attorney in fact of the other heirs-at-law of Mary Hall, and that no other or different trust or trust relation in regard to such moneys existed in the said plaintiff, than as such agent and attorney in fact, to sell said land and to collect said rents; that the plaintiff failed to establish on the trial that any part of the said sum of $1,485 had actually come into the hands of said defendant as such assignee, or that said defendant as such assignee had received the proceeds of any material part of the avails thereof, or the property into which any part thereof had been converted by the said plaintiff before the making of said assignment. In the assignment the persons from whom the plaintiff collected the said moneys were named among the preferred creditors in the amount by him collected for them as their agent.

*George D. Forsyth,* for the appellant.

*E. A. Nash,* for the respondent.

BARKER, J. :

The object of the action was to charge the funds and property which passed into the hands of the assignee with an equitable lien, in favor of the parties for whom the plaintiff had collected moneys as their agent and misappropriated by using the same in his business;

and requiring the assignee, out of the moneys realized by him from the assigned property, to refund to the plaintiff a sum equal to the trust fund by him misappropriated, before any of the avails are distributed to the creditors of the assignor under and in pursuance of the terms of the assignment. At the time the assignment was executed, none of the funds collected by the plaintiff, as agent for the parties named, remained in his hands unexpended as the proofs show, and the findings are that they had been previously used in the business carried on by him. Nor did it clearly appear that any item of the property transferred to the assignee had been purchased with those moneys.

The equity existing in favor of the owners of misappropriated funds, if they have any superior to the other creditors, is in the nature of a general lien on all the property which passed into the hands of the assignee. The title to the property was vested in the assignor and was transferred to the assignee subject to all the equities existing in favor of other parties as against the assignor. The only witness who gave any evidence in regard to the collection and use of the money, and the capacity in which the same was received, was the plaintiff himself, and for the purposes of this appeal we shall regard him as a creditable and truthful witness, and that his evidence substantially establishes the facts upon which the claim for an equitable lien is founded in favor of the parties for whom the plaintiff acted as agent. All the money collected by the assignor, as agent, and used in his business, was received within a period of three months preceding the assignment.

It is well established that where one person receives into his hands the funds of another, he is deemed to hold them in a fiduciary capacity, such as bailee or trustee, unless they were so received with the understanding, expressed or implied, that the same should be turned into a debt. This rule applies to moneys which come into the hands of an agent acting for his principal. (*Libby* v. *Hopkins*, 104 U. S., 307; *Ross* v. *Hart*, 8 Taunt., 499; *People* v. *City Bank of Rochester*, 96 N. Y., 32.)

Another rule of equitable jurisprudence perfectly well settled and of universal application is that where money held upon any trust to keep, or use or invest in a particular way, is misapplied by the trustee and converted into different property, or is sold and the pro-

ceeds are thus invested, the property may be followed wherever it can be traced through its transformations, and will be subject, when found in its new form, to the rights of the original owner or *cestui que trust*. (*Cook* v. *Tullis*, 18 Wall., 332; *People* v. *Bank of Dansville*, 39 Hun, 187.)

We think it quite clear, upon the facts as found by the trial court, in connection with the other facts and circumstances testified to by the plaintiff, that a case was made which gave the owners of the misapplied fund an equitable lien on the assets transferred to the assignee prior and superior to the rights of the general creditors of the assignor. The assigned property, while it remained in the hands of the agent, could have been reached by proper proceedings instituted by and in behalf of those for whom he acted in selling the farm. The defendant, as assignee, received the property subject to the same equities and impressed with the same trust under which they were held by the assignor. The estate of the insolvent debtor was enriched and enlarged to the extent of the moneys misappropriated and used in the business carried on by him. Our views on that subject are more fully expressed in the case of the *People* v. *The Bank of Dansville* (*supra*).

But we think that the complaint was properly dismissed for the reason that the action is prosecuted in the individual name of the plaintiff, and not in the character of a trustee of the funds which he collected as agent. He had a title to the property which passed into the hands of the assignee, charged with an equitable lien in favor of the *cestui que trust*. They could have enforced the lien by an action in their own name, and perhaps also in an action by the plaintiff as trustee for them. The defendant is in no sense a wrong-doer, and his act in receiving the assigned property under the assignment were lawful in every respect. If he had refused to return to the plaintiff the whole or any part of the assigned property upon a demand made therefor, he would not have been guilty of a conversion. He is in the rightful possession of the property, subject to such equities as the *cestui que trust* may have under the circumstances. The rule that a person in the actual possession of personal property in a fiduciary capacity, such as agent, bailee or trustee, may maintain an action in his own name to regain possession, or for a conversion thereof, as against a wrong-doer, does **not**

aid the plaintiff in his efforts to maintain this action in his own name. In such cases the party in possession is entitled to the property as against a tort feasor. (*Orr* v. *Mayor, etc.*, 64 Barb., 106; *Faulkner* v. *Brown*, 13 Wend., 63.)

If the action had been prosecuted by the plaintiff as trustee for and in behalf of those for whom he acted as agent, the question presented in such a case would be somewhat similar to those considered in *Wetmore* v. *Porter* (92 N. Y., 76), cited by the appellants' counsel and upon which he relies in support of his contention. In that case the plaintiff sued in his representative capacity as executor; and it was held that it was no defense in an action brought by an executor as such, to recover assets of the estate in the hands of the defendant or for the conversion thereof, that the plaintiff in his individual capacity had acted in collusion with the defendant in despoiling the estate, and it also was held that whoever received property, knowing that it is the subject of a trust, and has been transferred by a trustee in violation of his duty or power, takes it subject to the right, not only of *cestui que trust*, but also of the trustee, to reclaim possession or to recover for its conversion. That case was in accordance with the familiar rule, that when the legal title to the property or to a cause in action is in the trustee, he may maintain an action in his own name without joining *cestui que trust*. (*Mellen* v. *Hamilton Fire Ins. Co.*, 17 N. Y., 609–615; *Western R. R. Co.* v. *Nolan et al.*, 48 id., 517.)

The judgment in this action, dismissing the plaintiff's complaint upon the merits, will not be a bar in an action, if one should hereafter be brought, by the owners of the diverted funds in their own names, for the purpose of enforcing their equitable lien upon the property. Perhaps it would be otherwise if this action had been by the plaintiff as their trustee. This is one of the reasons why this action cannot be maintained by the plaintiff in his individual capacity.

In affirming the judgment, all we need to decide, and all we intend to decide, is that the plaintiff, in his individual capacity, cannot maintain this action.

Judgment affirmed, with costs of this appeal.

HAIGHT and BRADLEY, JJ., concurred; SMITH, P. J., not sitting.

Judgment affirmed, with costs of this appeal to the respondent.