K. COLLINS KELLOGG, Respondent, *v.* DANIEL SWEENEY, Appellant.

The recovery in all actions should be for what is lost, whether by breach of contract express or implied, or by a tort.

Gold coin is not merchandise, but one kind of money; and in an action of tort to recover for its loss, the judgment should be for gold, and not for its value in currency. (Ch. J., and ALLEN, J., dissenting.)

(Argued September 6, 1871; decided September 12, 1871.)

APPEAL from judgment of the General Term of the fifth judicial district, affirming judgment entered in Lewis county in favor of plaintiff, upon the report of a referee.

(Reported below in 1 Lansing, 397.)

The action is brought to recover for a quantity of gold coin, alleged to have been lost through the negligence of defendant, an innkeeper.

Defendant was the proprietor of a hotel in the city of New York, known as Sweeney's hotel, kept on the European plan. On the 9th of December, 1863, plaintiff went to said hotel as a guest, registered his name, and called for a room, but only succeeded in obtaining a bed in the parlor, where there were a number of temporary beds and other persons sleeping. Plaintiff had a satchel containing gold coin to the amount of $493.51. This he gave to the clerk, telling him it contained valuables, and receiving a check for the same. In the morning he called for his satchel; search was made, but it could not be found. One of the employes of the house finally brought it from the upper part of the house, saying it was found on the roof of an adjoining building. It was found opened and the gold coin abstracted. The notice required by the statute was not posted on the door or in the room where plaintiff slept. The referee found, that some of defendant's employes rifled the satchel of the gold. On the 10th December the value of gold coin in currency was 1.59. The referee gave judgment for the currency value, with interest.

*J. H. Reynolds*, for appellant. Defendant was not an innkeeper, and not bound to care for the goods of his lodger.

(*Doe ex dem. Pitt* v. *Launcey*, 4 Campb., 76; *Carpenter* v.
*Taylor*, 1 Hilt., 195; *Thompson* v. *Lacy*, 3 B. & A., 287;
*Holder* v. *Soulby*, 8 C. B., N. S., 254; 5 Bell's Com., 7th ed.,
498 and notes; *Schmidt et al.* v. *Blood*, 9 Wend., 268.)
Plaintiff guilty of contributory negligence, and defendant not
liable. (*Bendetson* v. *French*, 44 Barb., 31; *Fowler* v. *Dor-
lon*, 24 id., 384; *Armistead* v. *Wilde*, 17 Q. B., 261; Redfield
on Con., 271.) Defendant provided a safe and gave notice,
and is exempt. (Chap. 421, Laws 1855; *Hyatt* v. *Taylor*, 3
Hand, 258; *Purvis* v. *Coleman*, 21 N. Y., 111.) Defendant
not liable for the money lost. (*Merrill* v. *Grinnell*, 31 N. Y.,
210; *Hallenback* v. *Fish*, 8 Wend., 547; *Grinnell* v. *Cook*,
3 Hill, 489; *Ingallsbee* v. *Wood*, 33 N. Y., 79.) The property
being money, the nominal amount only recoverable. (Edw.
on Bailments, 61–65, 102, 103; 19 N. Y., 34.)

*J. D. Kernan*, for respondent. Defendant is an innkeeper.
(Bac. Abr., title Inns, sub. B; Story on Bailments, 5th ed.,
§ 475; *Thompson* v. *Lacy*, 3 B. & A., 283; 2 Kent's Com.,
5th ed., 778, 779; *Willard* v. *Reinhardt*, 2 E. D. Smith, 148;
*Wintermente* v. *Clark*, 5 Sandf., 242; *Taylor* v. *Monnot*, 4
Duer, 116; *Bendetson* v. *French*, 44 Barb., 31; *Krohn* v.
*Sweeny*, 2 Daly, 202.) Defendant liable for the gold coin lost.
(*Grinnell* v. *Cook*, 3 Hill, 485, 488; *Hulet* v. *Swift*, 33 N. Y.,
571; *Piper* v. *Manny*, 21 Wend., 282; *Clute* v. *Wiggins*, 14
Johns., 174; 1 Bl. Com., 430; 2 Kent, 592, 593; Story's
Com.; 2 Kent, 470, 471, 479; Story on Bailments, §§ 470,
481; *Wilkins* v. *Earle*, Com. of Appeals, January, 1871;
*Kent* v. *Shuckard*, 2 B. & A., 803; *Needles* v. *Howard*, 1
E. D. Smith, 54; *Taylor* v. *Monnot*, 4 Duer, 116; *Stanton*
v. *Leland*, 4 E. D. Smith, 88, 93; *Fowler* v. *Dorlon*, 24 Barb.,
389; *McDonald* v. *Edgerton*, 5 id., 560; *Van Wyck* v. *How-
ard*, 12 How., 147; *Purvis* v. *Colman*, 21 N. Y., 112, 116;
1 Smith's Leading Cases, 309; *Buinton* v. *Courtney*, Hayw.
N. C., 41.) Not exempt under chapter 421, Laws of 1855.
(*Purvis* v. *Stetson*, 21 N. Y., 111; *Hollister* v. *Knowlton*, 19
Wend., 234.) Plaintiff not guilty of negligence. (*Keegan* v.

*W. R. R. Co.*, 8 N. Y., 175; *Fowler* v. *Dorlon*, 24 Barb.,
384; *Piper* v. *Manny*, 21 Wend., 282; *Hulet* v. *Swift*, 33
N. Y., 571; *Gile* v. *Libby*, 36 Barb., 70.) The rule of dama-
ges is the value at time of loss. (*Needles* v. *Howard*, 1 E. D.
Smith, 54; *Richmond* v. *Bronson*, 5 Denio, 55.) Defendant
entitled to value of gold in currency. (*Bank of C.* v. *Van
Vleck*, 49 Barb., 508; *Taylor* v. *Ketchum*, 5 Robt., 507;
*Lubing* v. *At. M. I. Co.*, 50 Barb., 521.)

By the Court—PECKHAM, J. *Bendetson* v. *French*, decided
at the present term of this court, covers all the material ques-
tions in this case, except the point as to the amount of the
recovery. The plaintiff recovered at the trial for the amount
of gold coin lost: $493.50, premium, 59 per cent, $291.16
and interest on both.

When this coin was lost, there were two currencies in the
United States established by law as the court has held.

The plaintiff lost gold coin. Why should he recover in
paper currency? Why should not this case be decided pre-
cisely as if the legal tender act, so called, had never been
enacted by congress?

I can see no reason for calling this gold coin merchandise;
and therefore, a recovery should be had for its value in cur-
rency. It is clearly one kind of money; and there is no
reason for recovering for its loss in any other kind of money.
It cannot be said that the value of gold coin changes more
than the other kind of currency, which an act of congress has
declared to be money. The truth is the other way. The
fluctuation is in the congressional paper currency; not in the
gold coin. True, paper is now worth nearly fifty per cent
more than it was in 1863 when this money was lost. It
might easily have been worth much less. The gold coin is
worth substantially the same.

We have recently held, that a bill of exchange, payable
here in gold dollars, drawn since the passage of the legal
tender act is recoverable in gold, and that the judgment
should be for gold dollars. (*Chrysler* v. *Renois*, 4 Hand,

209.) Legal justice is done by a similar judgment in this case.

The court cannot regard the fact, that this coin will purchase much less paper currency now than it would in 1863. If it would purchase much more, the rule would be the same.

There is no reason for varying the judgment in this case, because the action is for what the law terms a tort. There is not the least distinction in principle. In *Chrysler* v. *Renois* there was a breach of an express contract payable in gold dollars.

Here, in reality, is a breach of an implied contract, on the part of the innkeeper, to keep the goods of his guest safely.

If it were a plain tort, accompanied with force, the principle is the same.

The recovery should be for what is lost, whether by breach of an implied or an express contract, or by a tort.

No sound distinction can be made in the cases. Hence, none is made in the judgment.

I have examined the other points raised at the trial, and do not think the court committed any error in their disposition.

The judgment is modified so as to make the recovery for the amount of the gold coin lost, with interest thereon to the time of entry of the judgment below, payable in coin, with costs of the court below, payable in currency, without costs of appeal to either party.

Of course the plaintiff is entitled to interest on his judgment, except as to costs payable in coin.

ALLEN, J. (dissenting). It is agreed by all the members of the court, that the plaintiff was entitled to recover in the action, and that no error appears in the record entitling the defendant to a reversal of the judgment.

A modification of the judgment by which the plaintiff will recover, in coin, the same number of dollars lost, instead of the market value thereof on the day of the loss is suggested,

although no such question was made by the counsel for the appellant. An anomalous condition exists in the United States, resulting from the fact, that by act of congress there are two distinct currencies of different values made a legal tender in the payment of debts and obligations, payable in money generally, are solvable in either at the option of the debtor. The consequence is, that for all practical purposes in the internal traffic of the country, the inferior currency has become the standard of value, and by it the prices or value of breadstuff and merchandise are measured, and gold, which is the recognized standard of exchange in our dealings with other countries, has in fact, and in spite of all theories, and all the maxims of political economists, became an article of commerce, and is bought and sold daily in the market. While it may be said that the value of gold is permanent, and the price of greenbacks has fluctuated, this is but a form of speech, and conveys no practical idea under present circumstances. The latter are not the subjects of purchase and sale ; but gold is sold at prices payable in greenbacks, and fluctuating as demand and supply vary, or other circumstances affect the market. Gold ceased to be the sole standard of value, when another and inferior currency was made by law an equivalent in the discharge of ordinary pecuniary obligations ; and from that time contracts not made in terms, payable in coin, could legally be, and were, in fact, discharged by payment in the inferior currency. The law recognized the right of parties to contract for the better currency, and courts have given effect to, such contracts by giving special judgments in actions brought upon them. The intent of the parties has, by a necessary change in the forms of procedure and judgment, been carried out. (*Chrysler* v. *Renois*, 43 N. Y., 209.) It does not follow that the rules which have been adopted, to give effect to contracts made in reference to the anomalous condition of the laws of the United States, regulating and prescribing the character of legal tender, are applicable in actions of tort. In actions for wrongs, the plaintiff demands compensation in money for.

damages sustained, and in the ordinary or usual currency of the country; and it is not like the case of a contract, which the parties have made the law of the particular transaction, and have declared in which of two recognized currencies the contract shall be performed; and the courts simply import into the judgment the terms of the contract, by making it payable in that currency, which is a lawful tender and has been agreed upon by the parties. If a party loses bullion by the wrongful act of another, the rule and measure of damages in an action, is the same as for the loss of a horse, or a bushel of wheat, viz.: The value of the article at the time of the loss with interest, and the value is necessarily, as it is practically measured or estimated by the usual and ordinary standard of value; that is, its market value in the currency in ordinary use; that sum, which on the day of the loss would have replaced the property. At the time of the loss of the gold coin by the plaintiff, it had a known market value in the ordinary currency of the country; that currency recognized by the courts, and which was receivable in payment of all debts, as well by judgment as simple contract, and the plaintiff is entitled to recover as damages that sum, which at that time, would have replaced the gold coin lost, with interest on that sum. He is entitled to that which he then lost and nothing more. A return of the gold in specie may or may not indemnify him; but, be that as it may, there is no act or assent of the parties, that the judgment in this action be made an exception to the ordinary forms of judgments in other actions, or to measure the compensation to the plaintiff, by any other than the ordinary rules in such cases.

The coin lost was property daily quoted in the market, capable of valuation in the currency in general use, and which was payable in satisfaction of all judgments not special in form, and all ordinary contracts; and it will add to the complexities and difficulties growing out of the fact, that two recognized species of legal tender money exist by law, to extend the rule which, from necessity to give effect to the

intent of parties, has been applied to special contracts calling for coin.

I am for an affirmance of the judgment.

For affirmance, Ch. J. and ALLEN.

For modification of judgment in accordance with opinion of PECKHAM, J. PECKHAM, FOLGER, GROVER, and RAPALLO, JJ.

Judgment modified accordingly.