JACOB GREENTREE, Respondent, *v.* SAMUEL W. ROSENSTOCK, Appellant.

Where a complaint sets forth facts constituting a cause of action *ex contractu*, an allegation therein of an incorrect legal conclusion, having the aspect of a tort, does not change the nature of the action.

Plaintiff's complaint alleged, in substance, that defendant received certain sums in gold coin, the proceeds of sales and of collections made by him as agent for plaintiff's assignor; that defendant failed to account to his employer for the gold coin, or its proceeds, but converted the same to his own use, and refused, upon demand made by plaintiff, after the assignment made to him, to pay over said gold coin or its proceeds, and asked judgment for the damages. *Held*, that the action was for breach of contract (*i. e.*, a failure to account and pay over as agent), not one in tort; that the allegation of conversion was merely surplusage.

*It seems*, that the retention by a commission merchant of the proceeds of goods sold by him as such is not a conversion, as he is not bound to retain and pay over the identical money received, and no action will lie against him, save one upon contract.

Where an agent receives gold for his principal, which he thereafter converts into currency, the principal is not confined to a claim for the gold, but may claim and recover the amount received in currency.

The property of the principal in the proceeds of sales and collections in the hands of his agent is " property incapable of manual delivery," within the meaning of section 235 of the Code, and it can only be attached in the manner prescribed by that section.

Where the principal is the member of a copartnership, and such property is sought to be attached in an action against the copartners upon a firm debt, a notice indorsed upon the certified copy of the attachment left with the agent, to the effect that all credits of the firm in possession or control of the agent are levied on, is insufficient to create a lien, the agent is under no obligation to give heed to the attachment, and is not justified in paying over such proceeds to the sheriff.

Although the attachment be regularly levied, if, prior thereto, the principal has assigned and transferred his interest to another, the attachment cannot reach it, although the agent, at the time of the levy, be ignorant of the assignment; and if, prior to any payment by the agent to the sheriff, he has notice of the assignment, the attachment proceedings are no defence to him in an action brought against him by the assignee.

(Argued September 28, 1874; decided January term, 1875.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judg-

ment in favor of plaintiff entered upon the report of a referee; and, also, from an order affirming an order denying a motion for a new trial on the ground of newly discovered evidence.

The summons in the action was for relief. The complaint set forth that, in the month of December, 1858, one Nathan Hofflin, at San Francisco, California, appointed the defendant, who then resided in that city, agent to sell for him certain property in California, then belonging to him, and to collect certain claims owing to him from persons in the State, and that the defendant accepted the trust, and agreed duly to account to Hofflin for the proceeds of sales and collections made by him as such agent. It was further alleged that the defendant, as such agent, had received for the said Nathan Hofflin the sum of $4,153.75, in the gold coin of the United States, and had failed to account for the same to Hofflin, but had converted the same to his own use. That the said Nathan Hofflin, for value, assigned his claim for said funds, or the proceeds thereof, to the plaintiff; and that, though requested by the plaintiff since the assignment, the defendant refused to pay him the gold coin or its proceeds, and that, by reason thereof, he had sustained damage, etc.

The answer admitted the defendant's appointment as agent, and the receipt by him, in that character, of the money set forth in the complaint, but denied the assignment. It also set forth an attachment, by one Nathan Strauss, on September 18, 1867, of the subject of the litigation in an action in the Supreme Court against the firm of Strauss, Hartman, Hofflin & Co., of which firm the plaintiff was a member, and that, under this attachment, the money in question was paid over to the sheriff of the county, and is still in his possession and control, and beyond the power of the defendant; and, also, that judgment having been recovered in the action on or about January 10, 1868, an execution was duly issued against the personal and real property of the defendants, and that, under such execution, the money was applied in part satisfaction of the judgment.

The referee found, as facts, the employment by Hofflin of the defendant; and that there came to his hands, as such agent, various sums, which amounted, in March, 1867, to $4,100 in gold or United States certificates in gold. He further found that, on January 9, 1867, Hofflin drew up, in writing, an account against the defendant, setting forth his indebtedness, and thereupon assigned the claim to the plaintiff by an instrument in writing.

In regard to the attachment proceedings, his findings were, that, on the 11th of October, 1864, N. Strauss commenced an action against the firm of Strauss, Hartman & Hofflin, in which the assignor of the plaintiff was a partner, and took out an attachment against them as non-resident defendants, of which action the defendants were notified by publication, and judgment was entered July 10, 1868. The attachment was dated 18th September, 1867, and was served on the same day, by the sheriff, on the defendant, by leaving with him a copy of it, and a notice indorsed upon it that all credits of Strauss, Hartman & Hofflin in the defendant's possession or control would be liable to the attachment; and that the defendant was thereby required to deliver all such property into the sheriff's custody, with a certificate thereof. The sheriff made no inventory of the property, but inquired of the defendant what the amount was, and made a memorandum of such amount on the attachment. On August 4, 1868, the defendant paid to the sheriff, on an execution issued on the judgment, the sum of $4,153.75, with interest in gold or United States certificates, equal to $5,946.89 in currency. Thereupon the attachment was indorsed by the sheriff "merged in the judgment and execution thereon, August, 4, 1868." That the defendant received no notice of the assignment by Hofflin to the plaintiff until this action was commenced December 23, 1867. That, after such notice, he neglected to bring the claim of the plaintiff to the notice of the court, or to take its instructions; or to cause the plaintiff in the attachment suit to interplead with the plaintiff in the present action. On the other hand, he chose, at his own risk, to pay

over the money to one who had no claim as against the plaintiff. The referee also found that neither Hofflin nor the plaintiff demanded of the defendant the specific gold or certificates which he received for Hofflin, but that Hofflin only demanded payment of the money due by the defendant.

The referee then found, as conclusions of law, that the payment by the defendant in the attachment proceedings was no protection to him against the plaintiff's claim; that he was not bound to keep or hand over the identical gold or certificates which he received, so long as he kept ready an equivalent in gold or United States gold certificates, and accordingly that there was no conversion on his part; that the assignment by Hofflin was of a debt due and not of a claim for a conversion. He directed a judgment against the defendant for the sum of $5,946.89 in currency, with interest from August 4, 1868. Various admissions were made by defendant on the trial, which are set forth in the opinion.

*Samuel Hand* for the appellant. The summons being for relief, and the cause of action set up being in tort for conversion of the gold, plaintiff could not recover on contract merely for a debt due. (*Ross* v. *Mather*, 51 N.Y., 108; *Walter* v. *Bennett*, 16 id., 250; *Belknap* v. *Seeley*, 14 id., 147.) The recovery was wrong as to amount. (*Chrysler* v. *Renois*, 43 N. Y., 210; *Kellogg* v. *Sweeney*, 46 id., 291; *Phillips* v. *Speyrs*, 49 id., 653; *Butler* v. *Horwitz*, 7 Wall., 258.) The attachment and seizure of the gold in defendant's hands by the sheriff thereunder was a protection to defendant against plaintiff. (*Donovan* v. *Hunt*, 7 Abb., 29; *Bliven* v. *H. R. R. R. Co.*, 36 N. Y., 403; *Stbt. Co.* v. *Gibbons*, 9 Wend., 327; *Edson* v. *Weston*, 7 Cow., 278.) The property was capable of manual delivery, and the levy was good from the time of the sheriff's entering upon his attachment. (2 R. S. [Edm. ed.], 45; *Elias* v. *Farley*, 3 Keyes, 398; 5 Abb. [N. S.], 39; *Smith* v. *Burtis*, 6 J. R., 197; *Roth* v. *Wells*, 29 N. Y., 471; *Mills* v. *Thursby*, 11 How. Pr., 121; 46 id., 429; *Bond* v. *Willett*, 1 Keyes, 377; *Kelly* v. *Roberts*, 41 N. Y., 210.)

Defendant was not bound to resist the attachment of the sheriff against Hofflin before notice of the assignment or to notify plaintiff. (*Gibson* v. *Haggerty*, 37 N. Y., 555.) (*Kuhling* v. *Orser*, 5 Duer, 242 ; *Muir* v. *Schenck*, 3 Hill, 228 ; *Griffin* v. *Rice*, 1 Hilt., 184.)

*Roger A. Pryor* for the respondent. The order was not appealable to this court. (*Dalrymple* v. *Hannum*, 54 N. Y., 654 ; *Roberts* v. *Bendell*, 52 id., 644 ; *Donley* v. *Graham*, 48 id., 658 ; *Briant* v. *Trimmer*, 47 id., 97 ; *Tracy* v. *Altmeyer*, 46 id., 598.) The evidence of the value of the gold was of no consequence, and if inadmissible does not affect the judgment. (*Porter* v. *Buchanan*, 38 N. Y., 310.) The evidence was competent proof of value. (*Lush* v. *Druse*, 4 Wend., 313 ; *Fennerstien's Champagne*, 3 Wall., 145.) The assignment of the money to plaintiff for a valuable consideration, *ipso facto* passed the property to him without notice to defendant. (*Paddon* v. *Taylor*, 44 N. Y., 374 ; *Callahan* v. *Edwards*, 32 id., 485 ; *Beckwith* v. *U . S. Bk.*, 9 id., 211 ; *Baker* v. *Kenworthy*, 41 id., 211 ; *Muir* v. *Schenck*, 3 Hill, 228 ; *Warner* v. *Dunham*, H. & D., 210 ; *Countryman* v. *Boyer*, 3 How. Pr., 161 ; *Richardson* v. *Ainsworth*, 20 id., 521 ; *Robinson* v. *Weeks*, 6 id., 161 ; *Parker* v. *Inness*, 33 Barb., 42 ; *Bush* v. *Lathrop*, 22 N. Y., 546 ; *Beydenburg* v. *Thayer*, 3 Keyes, 293 ; *Schafer* v. *Reilly*, 50 N. Y., 61 ; *Weaver* v. *Barden*, 49 id., 286 ; *Perry* v. *Chester*, 53 id., 240 ; *Hopkins* v. *Banks*, 7 Cow., 650 ; *Bradley* v. *Root*, 5 Paige, 632.) The attachment was void for want of a valid levy. (Code, §§ 231, 232, 235 ; *Clarke* v. *Goodrich*, 41 N. Y., 210 ; *Smith* v. *Orser*, 42 id., 132 ; *Wood* v. *Orser*, 25 id., 356 ; *Barry* v. *Fisher*, 8 Abb. [N. S.], 369 ; *O'Brien* v. *Ins. Co.*, 14 id., 314 ; *Herman* v. *Remsen*, 2 id., 272 ; *Kuhlman* v. *Orser*, 5 Duer, 242 ; *Wilson* v. *Duncan*, 11 Abb. Pr., 3.) The attachment was no bar to plaintiff's recovery. (*Lyman* v. *Cartwright*, 3 E. D. S., 117 ; *Scranton* v. *F. and M. Bk.*, 24 N. Y., 427 ; *Barnard* v. *Kobbe*, 54 id., 516 ; Drake on Attachments, § 732.) Payment to the sheriff was no defence

to this action. (*Barnard* v. *Kobbe,* 54 N. Y., 514; *Lynch* v. *Johnson,* 48 id., 27; *Baker* v. *Kenworthy,* 41 id., 215; *Gibson* v. *Haggerty,* 37 id., 555; *Richardson* v. *Ainsworth,* 20 How. Pr., 521; *Lyman* v. *Cartwright,* 3 E. D. S., 117; *Robinson* v. *Weeks*; 6 How. Pr., 161; *Countryman* v. *Boyer,* 3 id., 386; *Davenport* v. *Ludlow,* 3 Code R., 66; *Callanan* v. *Edwards,* 32 N. Y., 483; *Prescott* v. *Hull,* 17 J. R., 234; Drake on Attachments, §§ 732, 743; *Scranton* v. *F. and·M. Bk.,* 24 N. Y., 427; *Campbell* v. *Erie, etc.,* 46 Barb., 341; *Muir* v. *Schenck,* 3 Hill, 228; *Field* v. *Mayor, etc.,* 6 N. Y., 179; *Roy* v. *Barcus,* 43 Barb., 310; *Lanning* v. *Streeter,* 57 id., 42; *Wells* v. *Thornton,* 45 id., 309; *Bliven* v. *H. R. R. R. Co.,* 36 N. Y., 403; *Van Winkle* v. *U. S. S. Co.,* 37 Barb., 122; *Barnard* v. *Kobbe,* 54 N. Y., 516; *Wilmerdings* v. *Fowler,* 45 How. Pr., 142.)

DWIGHT, C. The appeal from the order denying a new trial cannot be entertained in this court.

On the appeal from the judgment, the defendant claims that the referee should have dismissed the complaint, on the ground that, as the summons is for relief, and, according to his view, the action is in tort for the conversion of gold, and the claim is for $10,000 damages, consequent on the tort, the plaintiff cannot recover on contract merely for a debt due.

I do not think that the present action is framed in tort. The allegations are all such as would be properly made if one sought to recover from his agent on an accounting. The complaint alleges the employment of the defendant, his receipt of Hofflin's money, the failure of the defendant to *account for the money or the proceeds,* or to pay the same to Hofflin, and his refusal to pay the money or *the proceeds* to the plaintiff, though requested to do so. These allegations plainly are framed on the view that the defendant was bound to make over not specific money, but only to give that or its proceeds, or in other words, simply to account, in his character of agent. An action to hold him upon this liability

is an ordinary action upon contract. It is true that, in con-
nection with these statements, it is asserted that the defend-
ant "converted the property to his own use." This is, how-
ever, merely surplusage. Under all the circumstances, it is
an immaterial allegation. It is a mere deduction from the
statements of fact, and in the connection in which it is
used, it is not traversable. *Conaughty* v. *Nichols* (42 N.
Y., 83) is in point. The complaint in that case was framed
on the theory of an agency, and there were sufficient allega-
tions to show the defendant's duty to account. Then there
followed a statement that the defendant refused to pay, and
had " *converted the plaintiff's property to his own use.*" The
court held that if the words " converted the same to his own
use," had been omitted, there would have been a complete
cause of action upon contract. Those words were unneces-
sary to be stated, and superfluous. Their insertion, accord-
ingly, had no effect upon the cause of action, and the plain-
tiff was allowed to recover. I think that this case was rightly
decided, though it has met with some criticism.

The true theory of that case is, that the words, as there
used, were a *mere legal conclusion*, drawn by the pleader
from the facts which he had averred. The pleader had
stated facts from which that conclusion did not logically fol-
low. It is not legally true that a commission merchant who
has sold goods and received the price does, by retaining the
price, convert it to his own use, so as to make him liable in
an action of trover. ( *Walter* v. *Bennett*, 16 N. Y., 250.)
Had it been the correct exposition of the law that such
retention is truly a conversion, and had the allegations been
framed on such a theory, I concede that the plaintiff could
not, upon the authorities, recover upon proof which showed
the defendant to be liable upon a contract. ·( *Walter* v. *Ben-
nett*, *supra*.) That, however, is not this case. *Conaughty*
v. *Nichols*, considered from this point of view, is perfectly
sound, and only maintains that an action upon contract does
not cease to be such because it contains an incorrect legal
conclusion having the aspect of a tort. See, also, *Ledwich*

v. *McKim* (53 N. Y., 307–316), where the principle in *Conaughty* v. *Nichols* is approved.

This view in no respect conflicts with *Ross* v. *Mather* (51 N. Y., 108). That was an entirely different case. The complaint in that case contained all the elements of a complaint for fraud. The averments were not conclusions of law, as in the allegations of conversion in *Conaughty* v. *Nichols* and in the case at bar, but statements of specific facts. There was, among other things, a positive averment of a false statement, and of *knowledge*, on the part of the defendant, of its falsity, and of the fact that the purchaser was fraudulently deceived. These statements were absolutely necessary to the action, considered as an action of tort. They were out of place in an action on contract. The court held that the plaintiff could only recover on the theory of a fraud. A case so different in its facts is no authority for overruling *Conaughty* v. *Nichols*. The cases may well stand together. The court, in *Ross* v. *Mather*, did not intend to go counter to that case. (Page 112.) It also holds that the fact that the summons is for relief is immaterial. The same remark must be made as to the prayer for damages. The present case is put distinctly on the ground that no other action would lie against the defendant, except one upon contract. (*Walter* v. *Bennett*, 16 N. Y., 250; *Weymouth* v. *Boyer*, 1 Ves. Jr., 416; *Harris* v. *Schultz*, 40 Barb., 315.) The allegations are sufficient to sustain that view, and the statement of a conversion is an erroneous legal conclusion from the facts averred, in its nature not traversable, and doing no possible harm to the defendant.

The next claim of the defendant is, that the referee erred in rendering judgment in currency, and that the recovery, if had at all, should have been for $4,153.75 in gold.

This view, I think, would have been correct, had it not been for the stipulation hereafter noticed. The law distinctly recognizes two species of currency, gold coin and legal tender money. Where a contract, either express or implied, is to be discharged in gold coin, the judgment should follow the contract, and should be for coin. No other

rule will do complete justice to all the parties. The rule is perfectly well established in the case of express contracts. (*Chrysler* v. *Renois*, 43 N. Y., 210; *Bronson* v. *Rhodes*, 7 Wall., 229; *Cheang-Kee* v. *United States*, 3 id., 320.) The same rule has been applied to the case of the conversion of gold coin. (*Kellogg* v. *Sweeny*, 46 N. Y., 291.) The principle extends to such cases as the present, where the right to recover is based on an implied contract. It is difficult to see how any other view could ever have been taken. As gold coin and legal tender money are equally lawful money, there would, in the absence of statutory provision to the contrary, be logically just as much reason for holding that a contract to pay paper dollars should be estimated in a court of justice in gold coin, as that a contract to pay gold coin should be estimated in paper dollars.

The effect of the stipulations between the parties must now be considered. Before the case was summed up, the plaintiff's counsel made various admissions, apparently for the benefit of the defendant. These, the referee states, were accepted by both parties. Among them was one that the defendant paid the sheriff, on an execution issued August 4, 1868, the sum of $5,946.89 in currency. This admission, made for the purpose of the trial, after all the evidence was closed, must be regarded as absolutely true, and as taking the place of all the other evidence upon the same subject. The admissions were accompanied by the statement " that the only question of fact is whether Rosenstock had notice of the assignment to the plaintiff before the attachment was served on him." The apparent purpose of these admissions was to authorize the referee, in case he found for the plaintiff, to order judgment for the sum named in currency. Besides, it was an admission that the defendant had the plaintiff's money in currency at the time he paid it over to the sheriff. Accordingly the plaintiff can recover it in that form. If an agent takes the gold of his principal and converts it into currency, or other property, the principal is not confined to his claim for gold, but may, instead thereof, claim the currency or other

property. (*Moore* v. *Moore,* 5 N. Y., 256; Story on Agency, § 229.)

The only further question is, whether the attachment and seizure of the fund was a protection to the defendant.

A preliminary inquiry is as to the regularity of the sheriff's proceedings. It is said that the property was "capable of manual delivery," and that accordingly the case is not governed by section 235 of the Code. That section provides that "the execution of the attachment upon any property incapable of manual delivery, shall be made by leaving a certified copy of the warrant of attachment * * * with the debtor or the individual holding such property, with a notice showing the property levied on."

The property in the present case was "incapable of manual delivery." The defendant was under no obligation to keep on hand the identical coin which he received. He was only bound to account for its proceeds. (*Walter* v. *Bennett, supra.*) His liability was a debt, and the claim of Hofflin, or his assignee, the plaintiff, was, of course, incapable of manual delivery. The statute contemplates a levy by the sheriff upon two kinds of property: (1) Tangible property, as lands, goods and chattels. (2) Property incapable of manual delivery, etc. (*Clarke* v. *Goodridge,* 41 N. Y., 213.) The present case belongs to the latter class. It was accordingly requisite that the sheriff should follow the provisions of the Code (§ 235), and indorse a "notice showing the property levied on." This he did not do within the meaning of the act. The property should have been specified in the notice of the sheriff, and the interest of the debtor referred to with reasonable certainty. (*Clarke* v. *Goodridge, supra.*) The sheriff referred to the subject of the attachment as though it were the property of the firm of which Hofflin was a member, instead of the private property of Hofflin himself, and his notice in no respect pointed out the claim in controversy. The notice was plainly insufficient, and the defendant was under no obligation to give heed to it.

If I am wrong in this respect, it will be necessary to consider whether the attachment, though perfectly regular, would hold the property which had already been assigned to the plaintiff before the sheriff's levy. The referee has found that Hofflin's claim was assigned January 10, 1867; the levy took place in September, of the same year. There was at that time no interest on the part of Hofflin in the debt or claim which had been already assigned by him. It is well settled in this State, that an assignment of a thing in action passes the whole title to the assignee, as between him and a subsequent assignee. Notice is only necessary as to the debtor. (*Muir* v. *Schenck*, 3 Hill, 228; *Bradley* v. *Root*, 5 Paige, 632; *Richardson* v. *Ainsworth*, 20 How. Pr., 521; see 2 Story on Equity, § 1047.)

No attention can be paid to the suggestion made on the argument, that the attachment proceedings may be regarded as an impounding of the debt. This could not be, as there was no debt belonging to Hofflin which could be impounded. The most that can be urged for the defendant is, that if he has in any way changed his position for want of knowledge of the assignment, it should be regarded as so far inoperative as to him. (*Gibson* v. *Haggerty*, 37 N. Y., 555.) The attachment proceedings in themselves, as between the plaintiff and N. Strauss (the plaintiff in the action in which the attachment was had), were absolutely ineffectual. The evidence shows, and the referee finds, that before any payment was made by the defendant, he had full notice of the plaintiff's ownership. This was given to him when the present action was commenced, viz., on December 23, 1867. Payment was made by the defendant August 4th, 1868. Notwithstanding his knowledge of the facts of the case, he neglected to bring them to the attention of the court in the suit in which the attachment issued, or to seek any relief by interpleader or other appropriate method of ascertaining the rights of the respective claimants. He voluntarily took it upon himself to decide that the attachment proceedings were regular and valid, and that he lawfully might pay his debt to the sheriff.

If he judged erroneously, he has only himself to blame. The right of the plaintiff to collect his debt remains wholly unaffected by the defendant's unauthorized act. (*Scranton* v. *The Farmers and Mechanics' Bank of Rochester*, 24 N. Y., 427; *Barnard* v. *Kobbe*, 54 id., 516; Drake on Attachment, § 732; *Lyman* v. *Cartwright*, 3 E. D. Smith, 117.)

The judgment of the court below should be affirmed, with costs.

All concur.

Judgment affirmed.