JOSEPHINE DECATUR, as Executrix, etc., of ROBERT W. DECATUR, Deceased, Appellant, *v.* JOHN E. GOODRICH, Respondent.

*Action to recover money received by an agent — an order of arrest cannot be granted unless he receievd it in a fiduciary capacity — Code of Civil Procedure, sec.* 549, *as amended by chapter* 672 *of* 1886.

In the complaint in this action the plaintiff alleged that her testator, during his lifetime, intrusted to the defendant, as his agent, large sums of money to be used by the defendant for the purpose of buying and selling stocks, bonds, etc., for the testator; that, as such agent, the defendant received, collected, or became otherwise possessed of, a large sum of money belonging to the testator; that after deducting all credits and commissions there remained due to the plaintiff, as executor, on account of all the matters alleged, the sum of $2,100, which the defendant refused to pay after the same had been demanded.

*Held,* that the facts stated did not show that the action was brought to recover money received " by a factor, agent, broker or other person in a fiduciary capacity," within the meaning of these terms as used in section 549 of the Code of Civil Procedure.

That the words, " in a fiduciary capacity," qualify all the persons described in the section.

APPEAL from an order, made at the Ulster County Special Term, denying a motion to vacate an order of arrest.

After the entry of a judgment herein, upon the defendant's failure to appear or answer, he was arrested under an order procured by the plaintiff.

The complaint alleged, among other things: First. That heretofore, at the city of Kingston, N. Y., and between about the 16th day of November, 1885, and the 5th day of August, 1886, one Robert W. Decatur, in his lifetime, intrusted to the defendant, as his agent, large sums of money to be used by the defendant for the purpose of buying and selling stocks, bonds, provisions, grain, etc., for him, the said Robert W. Decatur. Second. That the said defendant, as such agent, between the dates above mentioned, received, collected, or became otherwise possessed of, a large sum of money belonging to the said Robert W. Decatur. * * * Sixth. That after deducting all credits and commissions due the defendant there still remains due and owing to this plaintiff, as executrix, as aforesaid, from the said defendant, on account of the matters hereinbefore

alleged, the sum of $2,100. Seventh. That the said moneys are due and payable from the defendant to the plaintiff. Eighth. That the plaintiff has since the same became due and payable, and since she qualified as executrix of the said Robert W. Decatur as aforesaid, frequently demanded payment of the said moneys from the defendant. Ninth. That the defendant refuses to pay over the said moneys and retains the same, and has wrongfully converted the same to his own use. Wherefore the plaintiff brings this action and demands judgment in her favor against the defendant for the said sum of $2,100, with interest thereon from the 5th day of August, 1886, besides costs of this action.

*William Lounsbery*, for the appellant.

*A. T. Clearwater*, for the respondent.

LEARNED, P. J. :

The Code of Civil Procedure (§ 549 as now amended, Laws 1886, chap. 672) says a defendant may be arrested where an action is brought to recover for money received where it is alleged in the complaint that the money was received " by a factor, agent, broker, or other person in a fiduciary capacity." Plainly the words " in a fiduciary capacity " qualify all the persons described. A factor might borrow money. He would not be liable for arrest for not paying it. It is for money received in a fiduciary capacity that the defendant may be arrested. Section 550 now contains nothing on this point. If this complaint contains any cause of action for which the defendant cannot be arrested the order cannot stand. (*Madge* v. *Puig*, 71 N. Y., 608.)

The second allegation is that the defendant, as agent of the testator, became possessed of a large sum of money belonging to said testator. Then follows an allegation that after deducting all credits and commissions there remains due to plaintiff, as executor, on account of all the matters alleged, the sum of $2,100, which defendant refuses to pay, after the same has been demanded. Is the statement that defendant, as agent of the testator, became possessed of a sum of money sufficient under section 549 ? As that section gives a right to arrest " for money received " without requiring proof of embezzlement or fraudulent application, it seems necessary

to understand that the money must have been received upon some trust or duty in some fiduciary capacity — more than is implied by the word agent. A man sometimes carries on a business as the agent for another, buying and selling as freely as if the matter was his own. We cannot think that every such case of agency renders the agent liable to arrest for all moneys received. (See *Walter* v. *Bennett*, 16 N. Y., 250; *Greentree* v. *Rosenstock*, 61 N. Y., 583.) In this latter case the allegations of the complaint were much stronger than those we have cited from the present complaint. There must, then, be shown some violation of the trust; some wrong doing on the part of the defendant, more than the mere non-payment of money received, even though it was received by an agent.

In the case of *Stoll* v. *King* (8 How., 298) a clear distinction is drawn. The judge says, " I think the criterion in every such case is to determine whether the specific moneys received ought, in good faith, to have been kept and paid over to the employer; or whether the defendant, upon receiving such moneys, had the right to use them as his own, holding himself accountable to his principal for the debt thus created." We think, therefore, that this part of the complaint was not enough to authorize an arrest, while we will not say that the first allegation might not have been sufficient if it had stood alone.

Without passing upon the other questions, we are of opinion that the order appealed from should be reversed and the order of arrest vacated, but without costs.

LANDON and MAYHAM, JJ., concurred.

Order reversed, and motion to vacate order of arrest granted, but without costs.