(40 Misc. Rep. 180.)

## McCARTHY v. McCARTHY.

(Supreme Court, Appellate Term. March, 1903.)

1. CONVERSION BY CO-TENANT.

Plaintiff, an equal legatee with defendant, under his father's will, of his trucking business, sued defendant, alleging that he was in possession, and refused to pay the plaintiff his half. *Held* to state no cause of action, where there is no allegation that the property can be divided and severed, or that any loss or any injury to plaintiff's power of beneficial enjoyment is threatened.

Appeal from City Court of New York, Special Term.

Action by John McCarthy against Thomas McCarthy. From a judgment overruling a demurrer to the complaint with leave to answer on payment of costs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Maas & Goldberg, for appellant.

Patrick J. O'Beirne (Hector M. Hitchings, of counsel), for respondent.

GILDERSLEEVE, J. This action was brought in conversion, to recover from the defendant $350 damage, which the plaintiff claims to have sustained through the retention, by defendant, after demand, of the plaintiff's interest in horses, trucks, and trucking business bequeathed to the parties here, who are brothers, by their father, "to be divided equally between them."

The appeal is from an interlocutory judgment overruling a demurrer to the complaint interposed upon the ground that the complaint does not state facts sufficient to constitute a cause of action. We think the judgment of the trial court should be reversed. The facts alleged in the complaint, and upon which the plaintiff relies to establish his alleged cause of action, do not show conversion. The facts, in brief, as pleaded, are as follows, viz.: That the plaintiff and defendant are co-owners of certain horses, trucks, harness, and trucking business; that since the death of their testator the property has been in the possession of the defendant; that the plaintiff has demanded his one-half of the defendant; that the defendant has refused to pay the same, and that the property is still in the possession of the defendant; and then follows the allegation of conversion. The allegation of a conversion, being a deduction from the facts alleged, and merely a legal conclusion, is not admitted by the demurrer. Greentree v. Rosenstock, 61 N. Y. 583; Segelken v. Meyer, 94 N. Y. 484; Conaughty v. Nichols, 42 N. Y. 83. There is no allegation of a wrongful taking. The conversion relied upon is that which is assumed to have arisen upon the defendant's refusal to deliver over, on demand, plaintiff's equal one-half ownership in the property. The pleading is defective in not stating the number of horses, trucks, and other details from which it may appear that the property is definitely severable in rate, measure, or weight, into proportions absolutely alike in quality and value. There is no allegation of loss, de-

struction, or sale of the property itself, or of the power of beneficial enjoyment by the co-tenant. These facts will not be presumed.

The rules of law applicable to the questions presented on this appeal are clearly set forth in Osborn v. Schenck, 83 N. Y. 203:

"When, and for what cause, one of two or more tenants in common of personal property may maintain trover against those retaining its possession is sufficiently clear on principle, but not always of easy application to confused and varying facts. The right of each to the use and possession of the property is precisely the same, and neither can have or exercise a superior authority over the other. It follows necessarily that the mere fact of such possession and use by one, even though it prevents the use and possession of the other, can furnish no ground of action, since it is rightful, and rests upon a lawful authority. But it also follows that, if that possession develops into a destruction of the property, or of the interest of the co-tenant, or into such a hostile appropriation of it as excludes the possibility of beneficial enjoyment by him, or ends in a sale of the whole property which ignores and denies any other right, then a conversion is established, and trover may be maintained against the wrongdoer."

And at page 206:

"To sustain his liability in this case we must practically abrogate the rule so long and thoroughly established of the absolute equality of right of tenants in common, and hold that the mere taking possession of the common property by one, coupled with an assertion of his right to do so, is a wrong for which trover may be maintained. No case goes that length. In all there was some additional and decisive fact beyond the possession and claim of right to retain it. There was either a destruction of the property itself or of the power of beneficial enjoyment by the co-tenant."

The judgment of the trial court overruling the demurrer must be reversed, and the demurrer sustained, with costs, with leave to plaintiff, on payment of such costs, to serve an amended complaint.

Judgment of trial court overruling demurrer reversed, and demurrer sustained, with costs, with leave to plaintiff, on payment of costs, to serve an amended complaint. All concur.