## GORUM a. CAREY.

*New York Common Pleas; Special Term, March,* 1855.

FACTORS.—RIGHT OF ACTION.—VARIANCE.

An action for conversion will lie at suit of a factor who has stored property consigned to him, with a third party, from whose possession it has been taken by a wrong doer.

*Averment,* that property belonged to plaintiff. *Proof,* it was consigned to plaintiff as a factor, he being chargeable with its value whether sold, lost, or destroyed. *Held,* no material variance.

Motion for a new trial.

This was an action for damages for taking a quantity of ultra marine blue, belonging to the plaintiff, and valued in the complaint at $153.

On the trial of the cause, it appeared in evidence that the plaintiff at the time of the alleged conversion carried on a commission business in paints and ultra marine blue. The blue referred to in the complaint was consigned to the plaintiff for sale, and was by him stored with one James Byrne, at his store. Byrne subsequently sold out to the defendant, the stock, fixtures, &c., of his store, mentioning to him that the boxes of blue, were there on storage, and were not included in the sale. The defendant, however, afterwards sold them.

The plaintiff having been examined by the defendant, was asked upon cross examination, whether he was not charged by his consignors with the value of all the blue sent to him, and required to pay for it, whether sold, lost, or destroyed. The

question was objected to, but allowed, and exception taken. The plaintiff replied that he was so charged.

The defendant asked a dismissal of the complaint, on the ground:

That the plaintiff had no such interest in the goods at the time of the alleged conversion as entitled him in any case to recover.

That if he had any right of action, it was by virtue of a special property in the goods which should have been set up in the complaint.

This motion was denied and exception taken; and the jury having found for the plaintiff, the defendant moved for a new trial.

*S. C. Gerow*, for the motion.

*S. B. Brophy*, opposed.

DALY, J.—There could be no doubt of the plaintiff's right to maintain an action in his own name for the conversion of this property before it was placed upon storage, it having come into his possession as a factor, for sale on commission. That he had parted with the actual possession, by storing the property with Byrne, is immaterial. The right of action does not depend upon the fact of possession, it grows out of the right to the possession. Thus, where goods are consigned to a factor, he may bring an action against a wrong doer for converting them, though the property never came into his possession. It is sufficient that it was the intention of the consignor, that a special property should vest in the consignee as a security for advances or otherwise. (Bryans *v.* Nix, 4 *Mees. & W.* 775; Evans *v.* Nichol, 4 *Scott, N. R.* 43; *Russel on Factors*, 252). And so an action for conversion will lie at the suit of party who, having the possession of property with the consent of the owner, temporarily places it in the hands of a third party, from whose possession it is taken by a wrong doer. (Benton *v.* Hughes, 2 *Bing.* 173; Sutton *v.* Buck, 2 *Taunt.* 302); which is substantially the present case.

The averment in the complaint that the defendant took certain property, describing it as *belonging to the plaintiff*, is a

sufficient statement of the plaintiff's interest or of his possessory title. It is not alleging that he was the absolute owner; or if this averment should be treated as equivalent to an allegation that he was the owner, the proof shows that he had acquired such an absolute title to the property as would enable him to bring this action.

The plaintiff was asked, while under examination, whether he was not charged and required to pay for any portion of the property, consigned to him which should be lost. To this question the defendant objected. The objection was to the nature of the inquiry; for there is nothing appearing in the case to show that any objection was made to the form of the question, and as the inquiry related to the terms or conditions upon which the plaintiff acted for his consignors in the sale of property of this description, the inquiry was pertinent and proper. The plaintiff answered that they charged him not only with what was sold, but also with what was lost or destroyed. If by the understanding that subsisted between him and his consignors, he was held accountable for the loss or destruction of any part of the property consigned to him, then upon the conversion of this property by the defendant, the plaintiff became liable to his consignors for the full value of it, and had thereby acquired such an absolute interest in it as to entitle him to bring an action for the damages he had sustained by the conversion of it. (Booth *v.* Wilson, 1 *Barn. & Ald.*, 58). Either upon this ground, or as a party having a special property in the goods and entitled to the possession, the plaintiff was the real party in interest within the meaning of the Code.

I regret, however, that I shall have to send this cause back for the want of sufficient proof of the value of the goods. The only witness who testified upon the subject of value, was acquainted merely with the value of foreign blue. He stated that the foreign blue was a better article than the domestic, and that he knew nothing about the value of the domestic article. There was, in fact, no evidence from which the jury could determine the value of the property converted, and the case will have to go back for more explicit proof upon that point.