## BLISS *vs.* SCHAUB.

The Supreme Court, on appeal, can review a judgment of a county court rendered on appeal from a justice's court, on exceptions that are made a part of the record, though the exceptions have been passed upon in the county court, on a motion made in that court for a new trial.

One digging a hole in a public street, and leaving the same open and unprotected or unguarded, is liable for injuries to others, arising from his negligence.

A person in the possession of, and using, property as a bailee for hire, may recover damages for an injury thereto.

APPEAL from a judgment entered on the verdict of a jury, on the trial of an issue of fact, in the Wayne county court. The case came into the county court on appeal from a justice's court, where the plaintiff recovered a judgment for $160, damages and costs. The plaintiff alleged, in his complaint, that on or about the 24th of June, 1865, the defendant caused to be excavated and opened in and through a public street in the village of Clyde, known by the name of Ford street, in and upon which the people and public are used and accustomed to travel and may of right lawfully travel with teams and carriages, a deep excavation or hole about twenty feet long, twelve feet wide and fifteen feet deep; and negligently and carelessly left and permitted the said deep excavation to be and remain open and unguarded in said street, and negligently and carelessly neglected to put or keep any guard, barrier or protection of any kind around or over said deep excavation to prevent travelers' horses and carriages from falling therein. That on or about the day and year above mentioned, and while said excavation was so negligently and carelessly allowed to remain open and unguarded as aforesaid, and whilst the plaintiff's wife and servant was driving his (the plaintiff's) horses and wagon in and along said street near said excavation, the said horses and wagon accidently and unavoidably, and without fault or negligence on the part of the plaintiff, backed and fell into said excavation, and thereby the said horses were greatly bruised, maimed and injured; and the said wagon broken

and damaged; wherefore the plaintiff demanded judgment against the defendant for the injury and damage aforesaid, to the amount of $200.

The defendant in his answer denied the allegations of the complaint, and alleged that the plaintiff was guilty of carelessness and negligence on his part in the management and control of his team on the occasion mentioned in the complaint, which prevented his recovery. He further alleged that on or about the 24th day of July, 1865, he, the defendant, was in the employ of the state of New York, and as such employee of the state was engaged in and about the work described in the complaint, and prosecuted it under the direction and control of the state, and all that was done or left undone upon said work, was strictly in compliance with his (the defendant's) directions received from his employers, the state of New York, through the board of canal commissioners of said state, whereupon he claimed judgment for his costs and disbursements.

On the trial in the county court, the plaintiff, by his counsel, in opening the case to the jury, claimed as follows: for damage done to a span of horses, wagon and harness, by getting into a ditch on what is called Ford street, in the village of Clyde, which the defendant was digging for the state. The defendant commenced the work in 1864, and worked it through to Ford street. In the spring of 1865, it was found that the ditch had been stopped up; the defendant dug a hole to clean out the obstructions, and left it open for some time, and David S. Gordon drove the plaintiff's team to Clyde, and drove them in between Mr. Stevens' malt house and a brewery, for the purpose of watering them, which was on the south side of Ford street, and nearly opposite the hole made by the defendant. After Gordon had driven the team in there, he got out of the wagon, leaving the lines in the wagon, and left the team without tying, and went to get some water for them, and while after the water, the team

commenced backing, and backed into the hole. Gordon saw the team backing up, and ran and caught the near horse by the bits, and tried to stop them, but was unable to do so. It was the duty of the defendant to have kept the hole protected.

Upon which said opening and statement to the jury, the defendant moved for a nonsuit or dismissal of the complaint, upon the ground that the plaintiff, in his opening, had failed to state a cause of action against the defendant, for the reason that the plaintiff had shown himself guilty of negligence; and, therefore, could not recover; which said motion was denied, and exception taken by the defendant. Testimony was then given on the part of the plaintiff, when the plaintiff rested.

The defendant moved for a nonsuit, on the ground that the plaintiff had failed to make out a cause of action, and that it should appear affirmatively, on the part of the plaintiff, that he was not guilty of negligence, and upon the further ground that it appeared from the plaintiff's own showing that he was guilty of negligence, and hence was not entitled to recover. The motion was denied.

The defendant asked the court to charge the jury that if they found that the defendant was doing the work for the state, as agent or contractor, he was not liable and the plaintiff could not recover. The court declined so to charge and the defendant excepted. The cause being submitted to the jury, they found a verdict in favor of the plaintiff for $151.50, and upon said verdict a judgment was rendered herein on the 5th day of April, 1866, in Wayne county clerk's office, in favor of the plaintiff, for $208.41, damages and costs; from which judgment the defendant appealed to this court.

*Lyon & Norton,* for the appellant.

*C. D. Lawton,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. It is objected by the respondent, preliminarily, that it does not appear from the printed case that a motion for a new trial on the exceptions had been made in the county court, and that the appeal should therefore be dismissed. This objection is based upon the decision in the case of *Simmons* v. *Sherman,* (30 *How.Pr.* 4,) which coincides with a decision to the same effect in *Carter* v. *Werner,* (27 *How. Pr.* 385,) in which it is held that no appeal to this court upon a case or exceptions made on a trial in the county court upon appeal from a justice's court should be entertained until the county court has passed upon the questions presented by such case or exceptions, upon a motion for a new trial made thereon in that court. In conflict with these cases—both general term decisions—the former in the third and the latter in the fifth district, the court in the sixth district, in *Monroe* v. *Monroe,* (27 *How. Pr.* 208,) in *Whitney* v. *Wells,* (28 *id.* 150,) and in *Boughton v. Mitchell,* (29 *id.* 68,) have held that this court, upon appeal from a judgment of the county court, can review the errors brought up by the record, including those contained in a case or exceptions. The same question was passed upon in this court in the case of *Dixon* v. *Buck,* (42 *Barb.* 72,) in which my brethren held, in accordance with the cases in the sixth district. We must therefore adhere, of course, to our own decision on the point ; but if the question were a new and an open one, I should greatly prefer to follow the rule or construction of the statute adopted in the cases of *Simmons* v. *Sherman,* and *Carter* v. *Werner,* among others, for these two reasons : 1st, because such rule would probably, in a great variety of cases, obviate the necessity of reviewing the case at all in this court. 2d, because it is most fair and expedient to allow the county judge who has tried the cause the same opportunity to correct the errors he may have made in the haste and pressure of a trial that is possessed by the judges of this court. I have no doubt that the county judges would in a large proportion of the cases thus presented to them review their own decisions

Bliss *v.* Schaub.

with care and circumspection, and correct their errors with readiness and sound judgment. In this court it is found in practice that the judges constantly review with freedom and fairness, and are pleased to correct, their own decisions at the circuit, and I have no doubt it would be so in a large degree with the county judges ; and I should, therefore, greatly prefer that the rule governing the decisions of the county judges on the trial of causes in that court be restricted to a review of the deliberate decisions of the county court after argument and time given for deliberation and discussion.

Upon the merits of the case I think no error occurred on the trial, or none of any consequence. The case was fairly submitted to the jury, upon the question of the plaintiff's and defendant's negligence, and this court cannot upon any sound principle, in view of the present state of opinion in the Court of Appeals upon this class of questions, interfere with the verdict of the jury, upon this question. The defendant was liable for the negligence of digging the hole in the street and leaving the same open and unprotected or unguarded, within the cases of *Blake* v. *Ferris*, (5 *N. Y. Rep.* 48,) *Pack* v. *The Mayor, &c.* (8 *id.* 222,) *Kelly* v. *The Mayor, &c.* (11 *id.* 432,) and *The City of Buffalo* v. *Holloway*, (7 *id.* 493,) and the plaintiff having hired the wagon injured, and being in the possession of and using it, was entitled, as a bailee thereof, to recover damages for the injury thereto. (*Edw. on Bailments*, 142. *Story on Bailments*, 93. *Faulkner* v. *Brown*, 13 *Wend.* 63.)

The question put to the witness Gordon, whether he had watered horses and seen others water horses at the place in question, was not improper. It was directed to the question of his negligence, which was a question to be affected by the practice and custom of watering horses at that place. The question how much less the horse was worth by reason of the injury, was not improper. It was a question of opinion in respect to the value of the horse before and after the injury,

and was one of that class of questions constantly asked and allowed, on the subject of damages. The same reasons apply to the question, how much the harness was injured.

I think the judgment should be affirmed.

Judgment affirmed.

[MONROE GENERAL TERM, March 4, 1867. *Welles, E. D. Smith* and *Johnson*, Justices.]