Kellogg *v.* Sweeney.

---

COLLINS KELLOGG, Respondent, *v.* DANIEL SWEENEY, Appellant.

(GENERAL TERM, FIFTH DISTRICT, DECEMBER, 1869.)

A hotel guest, who having property in his possession as a gratuitous bailee, delivers it into the custody of the hotel-keeper, may have an action in

his own right against such keeper, to recover for the loss thereof; and this is so, although the bailee may not be responsible for such loss to the actual owner.

And in such action the bailee may enforce, to its full extent, the liability resulting from the personal relation of innkeeper and guest.

A hotel-keeper who has received from his guest a satchel, such as is ordinarily used to contain clothing, and with no other information as to its contents, than that it contains property of value, cannot avoid liability for a loss of coin contained in the satchel, on the ground that the guest was negligent in placing it there.

So held, where the guest was not charged with notice, to place valuables in a safe provided, according to Laws 1855, chap. 421.

An innkeeper's liability is not limited to property of any particular kind or value; it embraces all the personal property of the guest brought to the inn.

And it seems, there is no rule exempting an inn-keeper from liability for money or jewelry, which have been left in the guest's room in his trunk, unless he brings home to the guest, notice that they must be delivered to him, or deposited in such place as he shall direct. Per MULLIN, J.

The liability being established,—*Held*, plaintiff was entitled to recover the market value of the coin in currency.

THE facts are stated in the opinion of the court.

*Francis Byrne*, for the appellant, cited upon the question of negligence by the plaintiff, *Bendetson* v. *French* (44 Barb., 31); *Fowler* v. *Dorlon*, et. al. (24 Barb., 384). He also cited *Hyatt* v. *Taylor* (51 Barb., 632); *Bendetson* v. *French*, upon the question of notice that defendant kept a safe as provided by chap. 90, Laws, 1855. Also, Redfield on Carriers, 271. Also, as to defendant's liability for the coin in question, Redfield on Carriers, § 77, &c., and cases cited, *Wilkins* v. *Earle* (3 Robertson, 352); *Merrill* v. *Grinnell*, et al. (30 N. Y., 594 and 610); 1 Chitty Pleadings (6 Amer. Ed., p. 6 to 10.)

*John D. Kernan*, for the respondent, cited upon the right of the plaintiff to maintain the action, *Faulkner* v. *Brown* (13 Wend., 63); *Harrison* v. *Marshall* (4 E. D. Smith, 271); *Paddock* v. *Wing* (16 How., 547); *Gorum* v. *Carey* (1 Abb., 285); *Green* v. *Clarke* (2 Kern. 343); *Van Winkle* v. *U. S.*

*M. S. Co.* (37 Barb., 122.)   Story on Bailments (§§ 93, 94.) Upon the question of defendant's liability, he cited *Grinnell* v. *Cook* (3 Hill., 485, 488); *Hulett* v. *Swift* (33 N. Y., 571), Story on Bailments, §§ 470, 478; 2 Kent, Com., pp. 84, 85, 86, 87; *Piper* v. *Manny* (21 Wend., 282); *Wilkins* v. *Earle* (19 Abb., dissenting opinion, 200); *Kent* v. *Shuckard* (2 Barn. and Adol., 803); *Needles* v. *Howard* (1 E. D. Smith, R. 54); *Taylor* v. *Monnot* (4 Duer, 116); *Stanton* v. *Leland* (4 E. D. Smith, 88, 93); *Fowler* v. *Dorlon* (24 Barb., 389); *McDonald* v. *Edgerton* (5 Barb., 560); *Van Wyck* v. *Howard* (12 How., 147); *Purvis* v. *Coleman* (21 N. Y., 112, 116); *Gile* v. *Libbey* (36 Barb., 70.)

Present—BACON, FOSTER, MULLIN and MORGAN, JJ.

By the Court—MULLIN, J.   The facts found by the referee, are:

1st. That in December, 1863, the defendant was an innkeeper in the city of New York.

2d. On the night of the 9th of that month the plaintiff went to said hotel or inn and became a guest thereof.

3d. He, plaintiff, had in his custody a quantity of American gold coin, the property of Hudson Stevens, and which the plaintiff had received at Lowville, in the county of Lewis, to be carried gratuitously to the city of New York, and there delivered to said Stevens.

4th. The gold was in a small satchel, which, by the advice of a clerk in the said hotel, plaintiff delivered to the clerk in the office for safe keeping, and received a check therefor. When he delivered the satchel to the clerk he informed the latter that it contained property of value, but did not state the kind of property or its value.

5th. During the night the satchel was stolen from the office by some one in defendant's employ, the gold taken therefrom and the satchel thrown out of the hotel and upon the roof of an adjoining building.   The plaintiff demanded the money of the defendant, who refused to re-deliver the same or pay therefor.

6th. The defendant's clerk assigned to the plaintiff a bed in the parlor of the hotel, where he slept all night, and in such room no notice was posted pursuant to chap. 421 of the Laws of 1855.

7th. There was in the office of the hotel a safe, but defendant was not aware of it, nor had he any notice or knowledge that guests were required to place money or other valuables in such safe.

· The referee, to whom it was referred to hear and determine the issues in said cause, ordered judgment for the plaintiff for the value of the gold coin, in legal tender currency, with interest; and from the judgment so entered defendant appeals.

The appellant's counsel insists that the finding of the referee, that the gold was in the plaintiff's satchel when it was delivered to the defendant's clerk is erroneous, the proof not being sufficient to establish that fact.

The finding is correct. It is hardly possible the plaintiff's evidence can be true and the gold not in the satchel on his arrival at the defendant's hotel. He put his hand into the satchel only a few minutes before he arrived in the city, and found there a parcel corresponding with the one containing the gold which he put into it at Lowville. It is possible he may have been mistaken, and that it was taken out at Utica or elsewhere on the journey.

But it is not enough that it was possible that the money was not in the satchel. The question is was it satisfactorily proved that it was in the satchel. I cannot doubt but it was. The subsequent dealing with the satchel is some evidence that the gold was in it when it was stolen.

The appellant's counsel also insists that the plaintiff was guilty of negligence in carrying the gold in such a satchel, it being one usually used for clothing, etc.

I am not aware of any rule of law requiring a traveler to carry his property in any particular kind of bag or box. If it has sufficient strength to prevent the escape of the con tents and is properly secured, it is enough.

If an innkeeper is not satisfied with the manner in which a

Kellogg *v.* Sweeney.

package containing valuables is done up or secured, he should require the guest to make it secure. If he accepts it in deposit without objection, he should not be allowed to object to it after a loss has occurred.

The defendant's clerk was informed that the satchel contained valuables, and he could not thereafter pretend that he believed it to contain clothing only. He was put upon his guard, and there is reason to apprehend that this announcement as to the value of the contents of the satchel was overheard by some one of the servants and led to the losing.

Amongst the grounds relied on by the appellant's counsel to defeat a recovery before the referee was, that the plaintiff was not the owner of the gold coin, and could not, therefore, maintain an action for it.

The plaintiff had it in his possession as a gratuitous bailee, and had therefore a legal interest in it, which enabled him to maintain an action for any injury to it or unlawful conversion of it while thus in his possession.

The transaction between the plaintiff and Stevens was a mandate, and the plaintiff assumed the liabilities, and was clothed with the rights of a mandatory.

It is said in Story on Bailments (§ 152), that when a mandatory delivers goods to another person, and they receive an injury for which the mandatory would be liable over to the owner, there does not seem to be any objection upon principle, to his right to recover for his own indemnity.

The general principle of the common law is, that possession with an assertion of right, and in many cases possession alone, is a sufficient title to enable the possessor to maintain a suit against a mere wrong doer, for any wrong or injury done to the thing.

Again, at § 171 (d), it is said if a mandatory should gratuitously undertake to carry, or pay, or to transmit money for a mandator, to a particular place, there to be paid on a particular day, and the money should be delivered to him for that purpose, he would be bound by his receipt of the money to carry, pay, or transmit it accordingly; and if he should omit

so to do, he would be responsible to the mandator for his neg ligence.

In the case put by the learned writer, the mandatory is held to be liable upon his contract. But he does not mean that because there is in law, a contract in case of mandate to carry gratuitously, that the mandatory's liability is thereby enlarged. He is only liable for gross negligence, and when sued on his contract, he may defend himself by proving absence of negligence.

In the case before us, there can be no doubt, but that the plaintiff could successfully defend an action by Stevens to recover on the contract to carry and deliver.

He must ride in public conveyances, and assume the risks incident thereto; he must stop at inns, and trust himself and the property in his possession, to the danger of loss by theft, or robbery, or fire.

The owner knew of the risks which his property incurred, and he delivered it to the plaintiff subject to them.

The delivery by the plaintiff to defendant was a delivery lawfully made, and bound the owner of the gold. In other words, the transfer of the possession to the defendant, relieved the plaintiff from further liability to the owners, and under ordinary circumstances, would give the owner a right of action for its conversion against the depository. But because the owner could sue, it does not follow that the plaintiff might not also sue.

If plaintiff had entered into a special contract with defendant, as to the care and custody of the gold, he alone could sue upon it.

The plaintiff being a guest in the defendant's inn, his property passed into the defendant's custody, subject to the rights and liabilities resulting from such a relation. And no person but the guest, can enforce the liability of the defendant as innkeeper, having obtained the custody of the goods from his guest.

Stevens was not defendant's guest, and could not enforce any liability incurred by the defendant to plaintiff as such.

If then there is any remedy against defendant for the loss of the goods, resulting from the relation of innkeeper and guest, it exists only in favor of the plaintiff.

It may be that Stevens could sue for a conversion of, or injury to the goods, but such right of action would rest on his general property in the gold, and not upon any right resulting from the relation of innkeeper and guest.

The important question in the case is, whether the defendant is liable to plaintiff as innkeeper for the value of the gold.

It is recited in the Registrum Brevium, that by the custom of the realm, innkeepers are obliged to keep the goods and chattels of their guests, which are within their inns, without subtraction or loss, day and night, so that no damage in any manner shall thereby come to their guests, from the negligence of the innkeeper or his servants.

Story, in his work on Bailments (§ 470), says: If the goods, or baggage of the guest are damaged in the inn, or are stolen from it by the servants or domestics, or another stranger guest, the innkeeper is bound to make restitution.

Again, at § 471, the same author says: It is not necessary to prove that the goods have been lost by the negligence of the innkeeper; for it is his duty to provide honest servants, and keep honest inmates, and exercise and exact vigilance over all persons coming into his house as guests, or otherwise; nor is it necessary, that the goods should be in his special keeping, but it is generally sufficient that they are in the inn, under his implied care.

At § 479 it is said a delivery of the goods into the custody of the innkeeper is not necessary to charge him with them; for although the guest doth not deliver them or acquaint the innkeeper with them, still the latter is bound to pay for them if they are stolen or carried away.

That the plaintiff's case is brought within the principles above asserted cannot be doubted; such liability is not limited to property of any particular kind or value, it embraces all the personal property of the guest brought to the inn.

It has been held that a common carrier of passengers, is liable only for money contained in a trunk or other depository of a passenger's baggage, which has been lost, to an amount reasonably sufficient to defray the expenses of the journey on which the passenger at the time of the loss has entered.

This rule has never been extended to innkeepers that I have been able to discover. Yet it would be difficult to furnish a reason why it should not apply to both. Custom created the liability of both, and the same considerations that induced a limitation of the liability of the one, should limit it as to the other.

It is enough, however, that no such limit has been applie l to the liability of innkeepers.

It would seem to be just and reasonable, that when a satchel, bag, or trunk of a guest contains articles of great value, that he should disclose it to the innkeeper, to the end that he may adopt such precautions against loss, as the magnitude of the value makes necessary.

It is very hard upon a landlord to hold him liable for large sums of money or jewelry which has been left in a gues.'s room in his trunk, when no intimation has been given that any such property has been taken there.

But hard as it is, I find no case which exempts him unless he brings home to the guest notice that such valuables must be delivered to him (the landlord) or deposited in such place as he shall direct.

The plaintiff was entitled to recover the market value in legal tender currency of the gold converted.

Although the acts making gold coin a legal tender are not repealed, yet the effect of making paper a legal tender in payment of debts has been to convert gold coin into an article of merchandise, and it becomes necessary thus to treat it, or the greatest injustice must result.

No wrong-doer should be permitted to be the gainer by his wrong. But if I seize my neighbor's gold coin, worth in the market eighty per cent premium, and discharge my liability by paying in legal tender notes, I have made a splendid

speculation.   If such is declared to be the law, holders of gold
and silver coin will need an army to protect them.   Such can-
not be the law.

The defendant did not do what was necessary to obtain the
protection of the act of 1855, and he has no reason to com-
plain that he has lost the benefit of it.

The judgment should be affirmed.

BACON and FOSTER, JJ., concurred.   MORGAN, J., dissented.
Judgment affirmed.