### BUDDIN *v.* FORTUNATO.

*(Common Pleas of New York City and County, General Term.* June 2, 1890.)

1. NEGLIGENCE—DANGEROUS EMPLOYMENT—BLASTING IN STREET.
   One who contracts to do blasting in a street is not relieved from responsibility to any person injured thereby, though he has sublet the contract to a third person, through whose negligence the injury occurred.

2. LANDLORD AND TENANT—RIGHTS OF TENANT—INJURY TO PREMISES.
   In an action for damages to property by negligent blasting, it is not error to allow for repairs to premises of which plaintiff is only lessee, it not appearing that the landlord was bound by any covenant to keep the property in repair, and the repairs being necessary to make the building tenantable after the injury.

3. BAILMENT—RIGHTS OF BAILEE—INJURY TO PROPERTY.
   Plaintiff in such action cannot recover for injuries to chattels which had been left with him by the owner to be repaired.

Appeal from eleventh district court.

Action by Theodore Buddin against Maicho Fortunato. There was judgment for plaintiff, and defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*C. H. Preyer,* for appellant. *John G. Ritter, (D. Edgar Anthony,* of counsel,) for respondent.

BOOKSTAVER, J. The action was brought to recover damages to plaintiff's property caused by alleged negligence in blasting. On the trial it was proved that the defendant had entered into a contract with the city of New York to do certain work which involved the necessity of blasting in Ninety-First street, in the vicinity of plaintiff's premises. By the terms of this contract, he was precluded from subletting any part of it except by a consent in writing on the part of the city indorsed on the contract. No actual negligence or want of skill on the part of the defendant was proved, and his counsel moved to dismiss the complaint on this ground, which was denied, and defendant excepted. He also endeavored to show in his defense that he had sublet the contract to one Nicholas Fortunato; that the latter was doing the work, and he was in no manner interested in it except as to the result; that he had no control over the manner, mode, or means used to obtain the result, nor over the workmen employed, and consequently he was not liable to the plaintiff for any negligence on the part of Nicholas or his servants. Evidence tending to prove these facts was excluded, and defendant excepted.

It is well settled, as appellant contends, that as a rule, in actions for damages caused by alleged negligence, either actual negligence must be shown, or facts and circumstances proved from which the inference of negligence can be fairly and reasonably drawn; and it is equally well settled that one person cannot be held for the damage caused by the negligence of another unless the relation of master and servant, or principal and agent, exists between the person sought to be held, and the person whose negligent act is complained of. But both of these rules have their exceptions, and an action brought to recover damages caused by blasting is one of these. In *Hay* v. *Cohoes Co.,* 2 N. Y. 159, the court expressly held that in such an action the defendant was liable for such injuries although no negligence or want of skill was alleged or proved; and in *Tremain* v. *Same,* Id. 163, in the same kind of action, it was held that evidence tending to show the work was done in the most careful manner was inadmissible, there being no claim to recover exemplary dam-

ages. See, also, *St. Peter* v. *Denison,* 58 N. Y. 416. In the case under consideration, the defendant contracted with the city to do all requisite blasting. This was, from its nature, dangerous. When the undertaking is one intrinsically dangerous to others, the person undertaking it is not relieved from responsibility to any person injured thereby although he has entered into a contract with some person to perform it, and the injury has occurred through the negligence of the latter. Moak's Underh. Torts, 277, and cases cited; *Hexamer* v. *Webb,* 101 N. Y. 387, 4 N. E. Rep. 755. The theory on which the case was tried by the court below was entirely correct, and it committed no error either in refusing to dismiss the complaint, or in excluding evidence offered by defendant.

In awarding judgment the court allowed certain items for damage to the premises, of which the plaintiff was only lessee, and also for injuries to a phaeton which did not belong to him at the time. The appellant contends it was error to allow either of these items. As to the damage to the premises, the lease is not before us, and it does not appear that the landlord was bound by any covenant to keep the building in repair; and, in the absence of such proof, none will be inferred. *Witty* v. *Matthews,* 52 N. Y. 512; *Howard* v. *Doolittle,* 3 Duer, 464. Besides, it appears from the evidence that it was necessary for the plaintiff to make some of the repairs he did in order to protect his property, and all of them to make the building tenantable after the injury. Therefore, we think these items were properly allowed. Nor can the defendant be made to pay twice for such damages, as what he is compelled to pay for that purpose in this action could not be again recovered by the landlord in any action he may bring for injury to the freehold.

As to the phaeton, the plaintiff was not the owner of it at the time. It had been left with him to be painted. At most, he was a bailee for hire, and bound to use the ordinary care only. *Fox* v. *Bruden,* 3 Daly, 187. He was not liable to the owner for the injury occasioned by the wrongful act of another. It was therefore error to allow damage to it; and the judgment must be reversed for this reason, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff, within 10 days, stipulates to reduce the judgment by $37, the amount allowed for such damage, in which event the judgment will be affirmed, without costs of this appeal to either party against the other.