### BRENNAN *v.* SCHREINER *et al.*

*(Superior Court of New York City, Special Term.* June, 1892.)

INDEPENDENT CONTRACTORS—LIABILITY OF EMPLOYER.

Where defendants, owning a lot adjoining plaintiff, contract with another to excavate rock on their premises that forms part of the stratum on which plaintiff's house rests, and cannot be blasted without injury to the building, they are not excused, by such contract, from responsibility for injuries to plaintiff's house resulting from blasting the rock, since the act itself is wrongful to plaintiff, and they may be enjoined from continuing the excavation in that manner.

Action by Margaret Brennan to enjoin Joseph Gallick and Joseph Schreiner from blasting rock to plaintiff's injury. Defendants demur. Interlocutory judgment for plaintiff on the demurrer.

*Weekes Bros.*, for plaintiff. *Lewis Sanders*, for defendants.

McAdam, J. *Sic utere tuo ut alienum non lœdas*, the maxim which expresses the only restriction which the law places upon the ownership of property, is invoked by the plaintiff, and is made applicable by the allegation that the rock on which plaintiff's house rests extends a considerable depth

below the surface, and forms part of a stratum of rock extending over the adjoining lots, and is one and the same mass of rocks blasted by the defendants; and by the further allegation that it is impossible to remove said rock immediately adjoining said plaintiff's premises, even with the greatest care, without causing damage to plaintiff's premises. The demurrer admits the truth of this allegation, which must therefore be accepted as an established fact, to which the law is to be applied. It is settled that, if work authorized by an owner will necessarily produce an injury to a neighbor, he cannot, by contract with another, free himself from the consequences of the act. *McCafferty* v. *Railroad Co.*, 61 N. Y. 178; *Buddin* v. *Fortunato*, (Com. Pl. N.Y.) 10 N. Y. Supp. 115. In other words, where the very act itself is wrongful as against the plaintiff, the defendant cannot shield himself against the consequences by making a contract with another to do the wrong for him. In such cases no question of negligence is involved. *Burmeister* v. *Railroad Co.*, 47 N. Y. Super Ct. 264; *Storrs* v. *City of Utica*, 17 N. Y. 104; *Congreve* v. *Smith*, 18 N. Y. 79; *Engel* v. *Eureka Club*, (Sup.) 14 N. Y. Supp. 184.

The owner relies upon the doctrine of *respondeat superior*, which may apply to the facts as the defendants claim them to be, but, to make the principle applicable, the defendants should withdraw their admission, and deny the facts which make the other rule controlling. Where an owner contracts with another to do a lawful act, in a lawful manner, he is, of course, not answerable to a stranger for the manner in which the independent contractor or his servants do the work; but the peculiar facts alleged take the case out of this rule. Demurrers constitute a dangerous form of admission, (Moak's Van Santv. Pl., 3d Ed., 778;) for it is difficult to make a legal argument contrary to the facts admitted. Nothing herein is to be construed as holding that blasting may not be lawfully carried on in a city when it can be done, as it ordinarily is, without serious injury to adjoining property. The decision is based on the special facts alleged and admitted. It follows that the plaintiff is entitled to interlocutory judgment on the demurrer, with leave to the defendants to withdraw the same and answer over on payment, within 10 days, of $20 costs, the trial fee of an issue of law.