RAFTER v. TAGLIABUE.

(Superior Court of New York City, Special Term.　July, 1892.)

INJUNCTION—BLASTING ROCK.
　　A landowner may be enjoined from blasting rock off his own premises for purposes of improvement, unless he proceeds with the usual safeguards which prudent men adopt to prevent injury to adjacent owners.

Action by Edward Rafter for damages and injunction against Sarah A. Tagliabue, Amelia E. Arndt, Louise F. Kern, and Rudolph V. Kern, owners of the land on which certain blasting was progressing, and Charles E. Dornbusch, the contractor conducting the work.　Defendants were ordered to show cause, and enjoined from excavating or removing soil from the land adjoining plaintiff's land, or from blasting

thereon in any manner that would result in damaging the foundations of buildings on plaintiff's land. On motion for a continuance of the injunction it was allowed, with modifications.

R. Dudensing, Jr., for the motion.

A. C. Fransioli, opposed.

McADAM, J. Ordinarily an owner of land cannot be enjoined from blasting rock off his own premises for the purposes of improvement, provided he exercises every reasonable care that no injury be done to the adjoining property; and that duty must be observed here. The injunction will be modified by permitting the blasting to go on, but enjoining the doing of the work without the safeguards which prudent men, while doing like work, adopt to prevent injury. Lawful acts must not be done in an unlawful manner, (Hay v. Cohoes Co., 2 N. Y. 159; Fish v. Dodge, 4 Denio, 316; McKeon v. See, 4 Rob. [N. Y.] 449; Heeg v. Licht, 80 N. Y. 579; Wood, Nuis. § 142; 1 Thomp. Neg. 113,) or they may be the subject of action or suit in equity, according to the nature of the grievance. The question as to the rights and duties of the parties concerning the party wall does not arise upon this motion in such manner. as to require an adjudication thereon. See Schile v. Brokhahus, 80 N. Y. 614. Whether there is a liability against the owner or the contractor above may depend on questions which will be more appropriately determined at the trial, (see Brennan v. Schreiner, [Super. Ct. N. Y.] 20 N. Y. Supp. 130,) or may be considered on motion to punish for contempt.

In the modified form the injunction will be continued. No costs.