PORTER et al. v. SCHENDEL.

(Supreme Court, Appellate Term. January 26, 1899.)

1. FACTORS—RIGHT OF ACTION FOR INJURY TO GOODS.

Factors, who have possession of goods for sale, and, by special agreement, are guarantors of the purchase money on sales made by them, and are entitled to a lien on the goods for expenditures they were bound to incur, and for their commission, and for an indebtedness of the owners on open account in respect to the goods, have a special property in the goods, coupled with their possession, sufficient to support a right of action for injuries thereto.

2. SAME—RES JUDICATA.

The recovery of a judgment by factors for injury to goods in their possession, and on which they have a lien, is a bar to an action for such injury by the owner.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Thomas Wyman Porter and others, partners as Porter Bros. & Co., against Simon Schendel. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Benno Loewy, for appellant.
P. H. Stewart, for respondents.

PER CURIAM. We have carefully examined the evidence in this case, and have come to the conclusion that there was sufficient, if credited, to sustain a finding that the injury to property complained of was caused by the negligence of the defendant. It was peculiarly the province of the court below to determine what credit should be given to the witnesses on the trial, and we see no reason for reviewing his judgment on this question.

We are further satisfied that, although the plaintiffs were not the general owners of the goods which were injured, it was competent for them to recover the damages so suffered, in an action instituted by them in their own names. They were factors, having possession of the goods in question for sale, and, by special agreement, were guarantors of the purchase money on sales made by them. They were also bound to incur certain expenditures, for which they were entitled to be reimbursed, and they were also to receive an agreed commission

on such sales. There was some evidence in the case tending to show that, at the time of the injury complained of, the consignors or general owners of the property were indebted to them on open account with respect to these matters. For the amount so due the plaintiffs undoubtedly had a lien on the goods in their hands. Story, Ag. § 34. They had, therefore, a special property therein, coupled with the possession of the goods, sufficient to support their right to institute such an action as this; and the recovery of the judgment here will be a bar to any action which might hereafter be brought by the general owner, to whom it is the duty of the plaintiffs to account for the amount realized by them in this action. 1 Am. & Eng. Enc. Law (2d Ed.) p. 1166; Faulkner v. Brown, 13 Wend. 63; Gorum v. Carey, 1 Abb. Prac. 285; Mechanics' & Traders' Bank v. Farmers' & Mechanics' Nat. Bank, 60 N. Y. 40, 52. The judgment in favor of the plaintiff must be affirmed.

Judgment affirmed, with costs.