deed tendered was insufficient to execute such covenants. It did not convey an outstanding and existing inchoate right of dower of the wife of a prior grantor. Therefore there was a failure to convey the premises as stipulated, and the vendee was justified in refusing to accept the deed tendered. "The express agreement to execute a deed, and the implied undertaking that the title thereby conveyed shall be perfect and free from incumbrances, are distinct and separate obligations," say the court in Leggett v. Mutual Life Ins. Co., 53 N. Y. 394, 398. "One is expressed in the contract, the other is implied, up to a certain stage of the transaction (viz., so long as the contract remains executory), from the agreement to sell."

A like distinction is noted in Delavan v. Duncan, 49 N. Y. 485, 487, in discussing the case of Burwell v. Jackson, 9 N. Y. 536, where the authorities were carefully reviewed and the proposition was laid down that every purchaser of real estate is entitled to a marketable title, free from incumbrances and defects, unless he expressly stipulates to accept a defective title. Vought v. Williams, 120 N. Y. 253, 257, 24 N. E. 195, 8 L. R. A. 591, 17 Am. St. Rep. 634. In the case now before us there was an agreement to sell "all the premises," and it conclusively appears that the defendant did not have title to so much of the premises as was involved in the inchoate right of dower of Virginia Wood. By agreeing to accept a quitclaim deed, the plaintiff did not expressly stipulate to take anything less than title to all of the premises in the contract mentioned. The learned court below erred in dismissing the complaint upon the merits.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.

---

(54 Misc. 539)

### ABRAHAMOVITZ v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. May 29, 1907.)

BAILMENTS—GRATUITOUS BAILEES—RIGHT OF ACTION.

A gratuitous bailee may maintain an action for the loss of bailed property against a wrongdoer, and the fact that the bailee is not liable to the bailor is no defense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bailment, §§ 100, 136.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Esther Abrahamovitz against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

William E. Weaver, for appellant.
Jacob Silverstein, for respondent.

SEABURY, J. This action was brought to recover damages for personal injuries sustained and damages to property lost by reason of

the negligence of the defendant. The trial justice rendered judgment in favor of the plaintiff, and the right of the plaintiff to recover is fully sustained by the evidence. The plaintiff testified that at the time of the accident she had $200 in a small purse, which she carried in a larger one; that the money was in four $50 bills, and had been given to her for safe-keeping by her son; that this money fell in the street at the time of the accident, and was lost as a result of the accident.

The defendant contends that the evidence as to this item should not have been received, and that the $200, which the plaintiff lost, is not a proper element of damage in this action. This contention is based upon the fact that the plaintiff was not the owner of the $200, but merely a bailee. The rule to the contrary is too well settled to make extensive discussion necessary. The result of the authorities is well expressed in 5 Cyc. 207:

"Since the property in things bailed is for some purpose in the bailee and for some in the bailor, the right of action in relation thereto must partake of the same properties, and accordingly, for any wrong done by a third party in connection with the subject-matter of the bailment, either the bailee or bailor may sue; but a recovery of damages by either of them will be a full satisfaction, and a bar to any subsequent suit by the other."

In Story on Bailments, § 280, it is said:

"Indeed, it may now be affirmed, as a general doctrine, that in cases of a simple bailment without reward an action may be maintained, either by the bailor or by the bailee, for any wrong done to the bailee's possession."

While the plaintiff was not the owner of the money, she was a bailee of it, and her title to it was good as against any wrongdoer. This doctrine has been repeatedly applied in cases where the bailee's special property is injured by the negligence of a third party. Green v. Clark, 12 N. Y. 343; The Jersey City, 51 Fed. 527, 2 C. C. A. 365; Bliss v. Schaub, 48 Barb. 339; Porter v. Schendel, 25 Misc. Rep. 779, 780, 55 N. Y. Supp. 602.

The appellant bases its contention upon the ground that, inasmuch as the plaintiff was a gratuitous bailee and the accident happened without any negligence upon her part, therefore the bailor could not recover from the bailee. Buddin v. Fortunato, 16 Daly, 195, 10 N. Y. Supp. 115. The fact that the bailee was not liable to the bailor for the loss of the money in question affords no exemption from liability of the defendant to the plaintiff. In Johnson v. Holyoke, 105 Mass. 80, the court said:

"The extent of the bailee's liability to his bailor, by virtue of the contract or relation between them, for the injury itself, or for damages recovered therefor from a wrongdoer, and the difficulty, in the present case, of distinguishing between the damages recovered for the injury to the plaintiff's person and those for the injury to the property, are matters to be adjusted between the bailor and bailee, and do not affect the grounds or the measure of the liability of a third party by whose unlawful act or neglect the property has been injured, where (as has been found by this verdict) no want of due care on the part of the plaintiff contributed to the injury."

The judgment is affirmed, with costs. All concur.