(81 Misc. Rep. 133.)

MAZUR v. URBACH.

(Supreme Court, Appellate Term, First Department.  June 17, 1913.)

1. TROVER AND CONVERSION (§ 16*)—RIGHT OF ACTION—PARTY IN INTEREST.
    Where plaintiff presented a check of defendant to be cashed by a third
    person, and indorsed it to him, and it was returned to rectify a variance
    between the amount stated in the body of the check and in the figures,
    and defendant, receiving it for correction, destroyed it, plaintiff had a
    sufficient equitable title to the check to have the right to maintain an
    action against defendant for conversion.
        [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§
    119–147; Dec. Dig. § 16.*]

2. BILLS AND NOTES (§ 516*)—ACTION ON NOTE—EVIDENCE.
    In an action by a bank to recover on a note discounted by it, evi-
    dence *held* to entitle plaintiff to a directed verdict.
        [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1800–
    1806; Dec. Dig. § 516.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jacob R. Mazur against Morris A. Urbach. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Samuel Reichler, of New York City, for appellant.
Samuel Katz, of New York City, for respondent.

WHITAKER, J.  This is an action for conversion. Defendant gave plaintiff a check, dated March 7th, payable to plaintiff's order. The amount written in the body of the check was $100.96, and the amount stated in the figures was $118.96. This check was given for goods sold and delivered by the plaintiff to defendant. Plaintiff presented this check to be cashed to one Wolf Gold, and indorsed the same over to him. Gold sent the check for deposit to his bank, when the difference in the amounts on the face of the check was discovered. The check was returned to Gold from the bank, and Gold delivered the check back to plaintiff, with the request that he get the maker to rectify the mistake. Plaintiff took the check back to the defendant for that purpose, and requested that it be corrected. Defendant's son took the check and destroyed it, upon the claim that the goods sold by plaintiff to defendant, for which the check was given, were not up to sample, and that $15 on that account was due from plaintiff to defendant.

[1, 2] After the trial the learned justice dismissed the complaint, upon the ground that "the proper party is not suing here." This was error. The plaintiff was in the actual possession of the check, which gave him the right to maintain the action. In addition to this, he had an equitable title in the check, inasmuch as the person who had cashed it had returned it to him for correction, in default of which plaintiff would have been compelled to take the check back. Stowell

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

v. Otis, 71 N. Y. 37; Wheeler v. Lawson, 103 N. Y. 45, 8 N. E. 360; Abrahamovitz v. N. Y. C. Ry. Co., 54 Misc. Rep. 540, 104 N. Y. Supp. 663.

The question as to whether the proper defendant was Morris A. Urbach or his son, who actually destroyed the check, was not raised, and is not decided.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.