LITZENBERG v. COLE.  (No. 6737.)

(Supreme Court, Appellate Division, First Department.  February 11, 1915.)

1. SALES (§ 4*)—DISTINGUISHED FROM BAILMENT.

A merchant, at the request of a customer notifying him of her desire to purchase one piece of jewelry, sent to her eight pieces of jewelry from which to select one. .She selected one and paid the price, and delivered the others to an express company for transportation to the merchant, who never received them.  The company settled with the customer for the loss while acting for the merchant, who assigned his claim as consignee to the customer.  *Held,* that the merchant could not recover from the customer on the theory of a sale and delivery of the seven articles of jewelry, for with respect to them the customer was merely a bailee.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 7–11; Dec. Dig. § 4.*]

2. CARRIERS (§ 76*)—LIABILITY—RIGHT OF BAILEE AS CONSIGNOR.

A bailee, delivering goods to a carrier for transportation to the bailor, may enforce the liability of the carrier for a loss of the goods.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 256–271, 363; Dec. Dig. § 76.*]

Appeal from Trial Term, New York County.

Action by Wayne Litzenberg against Imogen H. Cole.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Clifton P. Williamson, of New York City (Charles W. Pierson, of New York City, on the brief), for appellant.

Robert M. Simpson, of New York City, for respondent.

LAUGHLIN, J.  The plaintiff alleged that on the 14th day of November, 1913, at the special instance and request of the defendant, he sold and delivered to her jewelry, consisting of five bar pins and three brooches, of the agreed price and reasonable value of $277, no part of which, with the exception of $20, has been paid, although the purchase price has been duly demanded; and he demanded judgment for the balance of $257, together with interest and costs.  The defendant denied the material allegations.

The plaintiff was a jeweler, and his place of business was in the Cambridge Building, on Fifth Avenue and West Thirty-Third street, borough of Manhattan, New York, and defendant resided at Claverack, N. Y.  She evidently had purchased jewelry of plaintiff before, for on the 10th day of November, 1913, she wrote him from her home requesting him to send her "a brooch of peridots and pearls to match the necklace," which she purchased of him the year before.  In the letter, she stated that she thought "a bar pin would be preferable," and that the stones in the necklace to which she referred were "light green."  The letter closed with a sentence as follows:

"If you have one that you think handsome, you need send only the one."

On November 14, 1913, the plaintiff wrote the defendant, saying:

"I am sending you a package by parcel post, containing 8 pieces of jewelry, hoping you can make a selection. Some are peridots; others, turmalines."

The defendant received the jewelry and selected a brooch, the price of which was indicated to be $20, and on the 17th day of the same month delivered the others to the American Express Company at Claverack, inclosed in a wooden box in which they had been sent to her, wrapped in strong paper and tied with heavy cord, to be returned to the plaintiff at his place of business, and at the same time wrote him, acknowledging the receipt of the jewelry and inclosing a check for $20 for the brooch selected, and stating that she was returning the other pieces by express. The package containing the seven pieces of jewelry was not delivered to the plaintiff by the express company. The plaintiff wrote the defendant under date of November 20th, evidently stating that he had not received the express package, for on the 21st of November she wrote him, referring to his letter, and inclosing the express company's receipt, and stating:

"I would investigate at the office here, but thought by this time it might have reached you safely."

It is to be inferred that the plaintiff subsequently wrote the defendant, claiming that she was liable to him for the jewelry which she thus returned, for on the 14th day of January, 1914, she wrote him, referring to a letter from him under date of December 15th, requesting her to send a check, and disclaiming responsibility on the ground that she requested him to send only one pin, and that she had returned the others to him by the American Express Company.

[1] The plaintiff proved a claim voucher of the American Express Company, embodying a receipt signed by the defendant under date of February 5, 1914, acknowledging the receipt of $50 from the Express Company in full settlement of a claim made under the receipt given by the Express Company for the jewelry. It recites that the money was received by the defendant at Claverack. The defendant, however, proved that prior thereto the plaintiff opened negotiations with the express company concerning the loss of the jewelry, and on the 15th day of December, 1913, formally assigned his claim as consignee to her. The assignment evidently was delivered to the express company in New York, for it was stamped received by the express company at its Broadway office on the 16th of December; and there is no evidence that it was delivered, or that the express company's receipt was returned to plaintiff. It is fairly to be inferred that the money was paid to the defendant pursuant to that assignment, and that she signed the receipt at her home, or at the office of the express company at Claverack, and that in collecting it she was acting for the plaintiff.

[2] But, if this were not so, she would have the right, as bailee and consignor of the jewelry, to enforce the liability of the carrier for the loss thereof. Kellogg v. Sweeney, 1 Lans. 397, affirmed 46 N. Y. 291, 7 Am. Rep. 333; Abrahamovitz v. N. Y. City Ry. Co., 54 Misc. Rep. 539, 104 N. Y. Supp. 663, and cases cited. The re-

ceipt given by the express company for the jewelry was not received in evidence, but the correspondence indicates that no valuation of the package was demanded by, or stated to, the express company, and doubtless for that reason its liability was limited to $50. No question, however, with respect to the duty of the defendant as bailee of the jewelry in endeavoring to return it, or with respect to the extent of the liability of the express company, is presented for decision.

Both parties moved for the direction of a verdict, and thereupon the court granted the plaintiff's motion. There is no basis for the recovery. Upon no theory was there a sale and delivery of the seven articles of jewelry for which the recovery has been had, and that is the only ground of liability alleged. With respect to the seven pieces of jewelry the defendant was merely a bailee.

It follows that the judgment should be reversed, with costs to the appellant, and the complaint should be dismissed, with costs, on defendant's motion at the close of the evidence, to the denial of which she duly excepted. The finding that there was a sale and delivery of the property described in the complaint is reversed. All concur.