WARD B. MITCHELL, Respondent, *v.* ARTHUR VANDE, Appellant.

County Court, Wayne County, July 8, 1936.

*Charles T. Ennis*, for the appellant.

*James P. Thompson*, for the respondent.

WILLIAMS, J. This is an appeal from a judgment entered by a justice of the peace July 16, 1934, in favor of the plaintiff and against the defendant for the sum of sixty dollars and eighty-nine cents damages and costs. Judgment was entered after trial upon the verdict of a jury.

The notice of appeal demanded a new trial in this court, but, by stipulation of parties, the demand for a new trial was withdrawn and the appeal was submitted upon the return of the justice.

The action is for negligence arising out of collision of two automobiles on May 15, 1934, and the evidence is sufficient to sustain the verdict.

The only question raised on this appeal is that plaintiff was not the real person in interest under section 27 of the Justice Court Act. The evidence shows, and it is conceded, that the automobi'e in question was the property of a brother of the plaintiff, and that such automobile had been loaned by the owner to the plaintiff and at the time of the accident was in plaintiff's possession as bailee, whether gratuitous or otherwise does not appear. It is the contention of the respondent that, as such bailee, he was the real party in interest and had the right to maintain this action.

It has long been held that an action of trover may be brought by either the general owner or by a person having a special property in the subject of the action. (*Smith* v. *James*, 7 Cow. 328; *Coykendall* v. *Eaton*, 55 Barb. 188; *Bliss* v. *Schaub*, 48 id. 339.)

The rule is stated by Judge GARDNER in the Court of Appeals: " It is a general rule that a bailee having a special property and the general owner may either of them sustain an action for the

conversion of or an injury to property in which they are interested * * * but * * * only one suit can be brought and it will be a bar to every other." (*Green* v. *Clarke*, 12 N. Y. 343, 353.)

This rule, as thus stated, seems to have been consistently followed (*Kellogg* v. *Sweeney*, 1 Lans. 397; modfd. and affd., 46 N. Y. 291; *Baird* v. *Daly*, 57 id. 236; *Colvin* v. *Fargo*, 47 Misc. 642; *Abrahamovitz* v. *New York City Railway Co.*, 54 id. 539), and has been specifically applied to the recovery of damages by a bailee in possession of the automobile injured. (*Manion* v. *Loomis Sanatorium*, 162 App. Div. 421; affd., 220 N. Y. 697; *Corcoran* v. *Huntington L. & C. Co.*, 211 App. Div. 803; *Schwartz* v. *Fletcher*, 238 id. 554.)

In the *Abrahamovitz Case* (*supra*) the court quotes Story on Bailments, section 280, as stating: " Indeed, it may now be affirmed, as a general doctrine, that in cases of a simple bailment without reward, an action may be maintained, either by the bailor or by the bailee, for any wrong done to the bailee's possession."

This statement might be interpreted to mean that either the bailor or the bailee might sue for the damage sustained by him. This would seem the more logical interpretation rather than to permit either to sue for the damages sustained by the other. However, no such distinction is drawn in the cases above cited and this court is bound thereby.

The judgment is affirmed, with twenty-five dollars costs to the respondent.