LELAND WINE & LIQUOR STORE, INC., Plaintiff, *v.* MIDTOWN WAREHOUSE, INC., et al., Defendants.

Supreme Court, Special Term, New York County, April 16, 1943.

*Eugene Z. DuBose* for Pioneer Real Estate Co., Inc., defendant.

*Carl Sherman* and *Rosalind Kramer* for plaintiff.

*Frederick M. Garfield* for Midtown Warehouse, Inc., defendant.

McLAUGHLIN, J. This is an action brought by plaintiff, the owner of 190 cases of Wilson Whiskey, which were stored with defendant Midtown Warehouse, Inc., a warehouseman in the building owned and controlled by the defendant Pioneer Real Estate Co., Inc. The first cause of action is against both defendants. The owner of the building (Pioneer) seeks to dismiss the complaint as to it on the ground that the plaintiff can have no valid claim against it because it is not the warehouseman and therefore owed no duty to the plaintiff, either on the theory of tort or contract. One of the theories upon which the plaintiff seeks to recover against defendant Pioneer is based upon the latter's negligence in failing to properly protect the property of the plaintiff in the custody of Midtown, its tenant.

The moving party asserts that there is no privity in law between it and the plaintiff and that the courts should not go beyond the warehouseman in permitting any recovery by the

plaintiff for damages as a result of the theft of its goods. Numerous authorities are cited and, while good law, they are not applicable to these facts for the reason that if the plaintiff lost its property by reason of the tortious acts of the defendant Pioneer the latter must respond in damages. We are dealing only with a complaint and not with the effect of proof upon a trial. This action involves a simple issue as to whether the plaintiff's goods in the possession of a bailee were stolen or wrongfully appropriated by the tortious act of a third party. The rule has been succinctly stated: " The bailor may sue in an appropriate form of action for any injury by a third person to the subject matter of the bailment which results in damage to the bailor's reversionary interest." (8 C. J. S., Bailments, § 39, p. 313. *Baird* v. *Daly,* 57 N. Y. 236, 240, 245; Story on Bailments [9th ed.], pp. 107, 249; Schouler on Bailments [3d ed.], p. 116; *Mitchell* v. *Vande,* 160 Misc. 63.)

Nor does the plaintiff have to rely solely on an independent action in tort in this case to recover. This asportation occurred when the defendant Pioneer was in sole control of the premises. It had a contract of lease with Midtown to protect its property while so in control. It is asserted that it was negligent or that its employees took part in an arrangement to remove the goods. In either event the defendant Pioneer must respond in damages to plaintiff bailor for its tortious act with respect to the bailor's goods.

The other theory upon which recovery is sought is based upon a right to sue founded in a breach of Pioneer's contract with Midtown. The plaintiff, who is a bailor, can take advantage of that breach and recover damages for its loss. It has been said: " Where the bailee and a third party enter into a contract respecting the subject matter of the bailment, the bailor may sustain an action for a breach of contract against such third person." (8 C. J. S., Bailments, § 39, p. 314. *Polack* v. *O'Brien,* 114 App. Div. 366.) Here the charge is that as a result of the breach of the contract of safekeeping of the warehouseman's premises by Pioneer, the goods of the plaintiff in the warehouseman's premises were damaged. A cause of action then arose in favor of the plaintiff and against the owner of the building who undertook to guard and keep safe those premises and everything in them, including goods of others such as the plaintiff, entrusted to the safekeeping of the warehouseman. The liability of the defendant Pioneer must be determined by the facts as produced at a trial. Motion is denied. Order signed.